**In the Matter of PROPERTY MANAGE-MENT AND INVESTMENT, INC., Debtor.**

**Bankruptcy No. 81–2307.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

March 4, 1982.

On Motion for Emergency Rehearing
March 29, 1982.

Jawdett I. Rubaii, Clearwater, Fla., for debtor.

John Olson, Tampa, Fla., for receiver.

Laura Bamond, Dept. of Finance & Banking, Tampa, Fla., for State of Florida.

James Baxter, Clearwater, Fla., for class of unsecured investors.

ORDER ON MOTION FOR REHEARING AND ALL PENDING MOTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case, originally commenced by a petition for re-

lief filed by Property Management and Investments, Inc. (PMI). Shortly after the commencement of the case, PMI filed an Application and sought an order compelling turnover of properties which were, and still are, in the possession of Thomas R. Spencer, a receiver appointed by State Court, for all the assets of PMI. The State Court Receiver also moved, forthwith, and sought, by an Application for Dismissal of the Chapter 11 case, or in the alternative, sought an Order of Abstention to be excused from the turnover provisions of the Bankruptcy Code, § 543. Counsel for certain unsecured investors also moved and sought a dismissal or, in the alternative, an abstention. The Court, after having heard argument of counsel for the respective parties, including counsel for the State of Florida who initially commenced the state court proceeding against PMI, entered an order on February 18, 1982 which, inter alia, denied all motions filed by the Receiver; denied the Motion for Dismissal or Abstention filed by the unsecured investors; and, granted PMI's motion and directed a turnover of properties. 17 B.R. 728, Bkrtcy.Fla.

Shortly thereafter, and within the time for appeal fixed by Bankruptcy Rule 802(a), the State Court Receiver, the State of Florida, and the unsecured investors filed their respective notices of appeal and motions to stay pending appeal. The State Court Receiver also filed a Motion for Rehearing on the Application for Abstention. Counsel for the unsecured investors, specifically for Francis L. Shovein and Patricia Shovein, his wife, filed a Motion for Rehearing on their Application for Abstention or Dismissal and also for the rehearing on their Application to excuse the State Court Receiver to turnover the properties in his possession to the Debtor.

The order of February 18, 1982, determined, among other matters, that the State Court Receiver is not a party in interest and he has no standing to seek either a dismissal, conversion or abstention. The order did not treat the status of unsecured investors but merely held that the class established by the state court was not, in fact, a class and the counsel for the class was unauthorized to represent the unsecured investors since no legal class existed.

After the conclusion of the initial proceeding, James A. Baxter, counsel for the class, also filed an appearance on behalf of Francis L. Shovein and Patricia Shovein, his wife, and there is nothing in this record to indicate that they are not parties of interest and this Court is satisfied that they have a right to be heard. The order of February 18, 1982 denied the Application to Abstain on the ground that it did not appear from the record, to the satisfaction of the Court, that the abstention would be in the "best interest of creditors and the Debtor." This conclusion was based on the proposition that it appeared that the interest of the second mortgage holders will be protected only by retaining the case. Upon reconsideration, this Court is of the opinion, however, that abstention in this situation is warranted for the following reasons:

All assets of this Debtor, with the exception of approximately 17 properties, have already been liquidated; that PMI, who seeks relief under Chapter 11, *a business reorganization chapter* (emphasis supplied), has no business which could be reorganized. While this Court recognizes, as it must, that Chapter 11 now permits, as part of the plan of reorganization, a complete liquidation of all assets of the Debtor, § 1123(a)(5)(D), it is clear from this record that PMI has no salvageable interest because PMI is hopelessly insolvent, and the remaining properties, all of which are already involved in a foreclosure action, have no meaningful equities which could be salvaged for the benefit of the estate in general. Inasmuch as the interest of the first mortgage holders have been adequately protected by permitting them to obtain their collateral, the interest of the unsecured investors are also apparently well protected, this leaves for consideration only the interest of the second mortgage holders who are apparently secured only partially but basically under secured. Conceivably, it could be argued and initially this was the opinion of this Court, that their interest can only be protected by retaining the case. Upon reflection, this

Court is satisfied that they would remain in the same position if the case is retained by this Court as they would be if the case is dismissed, with the possible exception as to their alleged right to share in the cash now held by the State Court Receiver which was the res of the trust established by the state court.

The Motion to Abstain is resisted only by PMI. Since PMI has no salvageable interest as noted earlier, its opposition lacks sufficient persuasiveness to be considered. It is noteworthy that none of the second mortgage holders appeared so far in this case. Be as it may, this Court is satisfied that they received what they bargained for, i.e. a second mortgage, and if their collateral turns out to be less value than the money invested, that was a risk which they voluntarily undertook and assumed. What right, if any, they have in the funds held by the State Court Receiver, that is in the trust fund, is a matter already determined by final order of the state court which was never appealed and by virtue of this fact, the determination is res judicata and can no longer be relitigated.

■ However, it is PMI's contention that FRCP 60 empowers this Court to reconsider and set aside prior final orders of a non-bankruptcy forum which have not been appealed even if it was entered by a court with jurisdiction of the subject matter and jurisdiction over the parties. This is simply not in the law. To accept this proposition would completely destroy the well recognized principles of res judicata or collateral estoppel. In addition, it needs no elaborate discussion that the FRCP applies only to adversary proceedings to the extent that they are adopted by the Bankruptcy Rules, Bankruptcy Rule 760, but have no application whatsoever to the administration of a "case" under the Code in general.

These conclusions shall not be construed, however, to indicate that this Court accepts the proposition urged by the State Court Receiver that it is a party of interest and has standing to be heard or that the State of Florida has a right to intervene and appear in the case, a right which is specifi-cally granted to the Securities Exchange Commission (SEC) but with the limitation concerning a right of the SEC to appeal, § 1109(a). The legislative history of this section leaves no doubt that the SEC is not a "party in interest" even though § 1109(a) does not specifically state that the SEC is not a "party of interest". As stated by Congressman Edwards and Senator DeConcini, made in order to clarify the issue:

"... [S]ection [1109(a)] gives the Securities Exchange Commission the right to appear and be heard and to raise any issue in a case under Chapter 11; however, the Securities and Exchange Commission is not a party in interest and the Commission may not appeal from any judgment, order, or decree entered in the case." 124 Cong.Rec. H11, 1102 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S17,419 (daily ed. Oct. 6, 1978).

The proposition urged by the State of Florida that it has a right to appeal under § 1109(b) because it is a "party of interest" is equally unacceptable inasmuch as the State of Florida is not a creditor and its only involvement is to assure that no further violations by PMI of the securities laws of this state, likelihood of which is nonexistent since PMI no longer operates a business and will never operate any business.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing of the Application to Abstain filed by Francis L. Shovein and Patricia Shovein be, and the same hereby is, granted and upon reconsideration the application is granted and the case is dismissed pursuant to § 305 of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing, all remaining pending motions are denied without prejudice as noted.

## ON MOTION FOR EMERGENCY REHEARING

THIS IS a business reorganization case originally commenced by Property Management and Investments, Inc. (PMI) who filed

a petition for relief under Chapter 11 of the Bankruptcy Code on December 11, 1980. Shortly thereafter, this Court entered a restraining order. The Order was entered in order to preserve a status quo, pending resolution of several motions, particularly to stop any further progress in the then pending State Court Receivership case. On February 18, 1982, this Court entered an order on the various and sundry motions filed by the State Court Receiver, motions also adopted by the State of Florida and by counsel for certain unsecured investors. The Court held inter alia that the Application of the State Court Receiver to be excused from the turnover provision of § 543 of the Code was without merit, the Application for Dismissal or Application for Order of Abstention was without merit and the Court denied both. The Court also ruled that the Application to Compel Turnover filed by PMI was proper and directed the State Court Receiver to surrender and turnover all properties within his custody and control to the Debtor. The order also denied an Application to Appoint Trustee filed by counsel for unsecured investors without prejudice. 17 B.R. 728, Bkrtcy.Fla.

The State of Florida filed a Motion for Stay Pending Appeal and also an Application for Appointment of Trustee. The State Court Receiver filed an Application for Rehearing on the Application for Abstention and also a Notice of Appeal and a Motion to Stay Pending Appeal. These motions were filed on February 22, 1982. On February 23, 1982, Francis L. Shovein and Patricia Shovein filed a Motion for Stay Pending Appeal, a Motion for Rehearing, and a Notice of Appeal. The record further reveals that in the interim, fifty-six (56) secured creditors holding second mortgages on the remaining properties of PMI filed either an Application to be heard or a Notice of Appearance, but in spite of this fact, through a clerical oversight, they were not given the notice of hearing on the Motion for Rehearing filed by the State Court Receiver, by the State of Florida, and by Francis and Patricia Shovein. On March 8, 1982, this Court entered an order and granted the Motion for Rehearing filed by Fran-

cis and Patricia Shovein and upon reconsideration concluded that pursuant to § 305 of the Bankruptcy Code, it is appropriate for this Court to abstain and to dismiss the case. While this Order was originally to be docketed on March 4, 1982, it was not processed and docketed until March 8, 1982 and the copies of the order were furnished by hand delivery to the parties of interest who appeared at the hearing but not to the secured creditors holding second mortgages. Nor was a copy furnished to counsel of record for certain holders of second mortgages who actually filed a Notice of Appearance and expressly requested a notice.

The Emergency Motion for Rehearing, filed immediately after the conclusion of the hearing held on March 8, 1982 challenges the propriety of the Order of Abstention and Dismissal on the ground that abstention is not in the best interest of all parties of interest; that unsecured creditors were not given an opportunity to be heard; that they were completely ignored and, therefore, before this Court finally determines the propriety of abstention they should be given an opportunity to state their desires and their position.

The record further reveals that on the very same date, March 8, 1982, counsel for the State Court Receiver immediately applied to the State Court and procured the entry of an order dated March 9, 1982, an order which purported to ratify a previous order which directed disbursements of assets of PMI. This Order was entered on December 14, 1982 or three days after the petition for relief was filed in this Court.

The Court heard argument of counsel for the respective parties, heard statement of creditors present at the hearing and considered the record and is of the opinion that the abstention in this case would not be proper under the circumstances and the order of dismissal of March 8, 1982 was based on certain matters not supported by the record and most importantly was entered without appropriate notice to *all* parties of interest. (emphasis supplied)

■ Moreover, this Court is now satisfied upon reconsideration that while the interest of certain parties may be adequately taken care of in the State Court Receivership, the State Court is not in the position to assure full and complete relief to all parties of interest, neither can it assure a fair and equitable distribution of the assets of PMI in conformity with the scheme of distribution envisioned by the Bankruptcy Code. In addition, it is clear that the State Court Receiver is unable to assert the powers of avoidance reserved to the bankruptcy trustee under §§ 544, 545, 547 and 548.

■ Having concluded that the abstention was improper, this leaves for consideration the question, whether or not this Court should maintain the case as a Chapter 11 case or does this Court have the power to order a conversion to a straight liquidation case. As stated earlier, in the previous orders there is no question that this Debtor is not a viable business entity and does not conduct any business in a conventional sense. It is equally clear that the assets of this Debtor now consist of monies in the hands of the Receiver and twenty-one (21) unsold properties. One of these, referred to as the Connelly Property, was actually sold at the foreclosure sale and the Clerk did, in fact, issue a Certificate of Title, albeit, after the commencement of this case. Thus, there might be some question as to the validity of the Title to this property. Two of the twenty (20) remaining properties were actually deeded back to the holders of the mortgage leaving eighteen (18) properties yet to be liquidated. While it appears that the renting of these properties could not possibly produce sufficient income even to service the interest obligations on the first mortgage, they may represent possible sufficient equity to the estate which may merit at least an examination. It further appears that there might be matters which occurred during the State Court Receivership which would also warrant a re-examination.

For the reasons stated, this Court is of the opinion that although the Debtor filed a plan, there is no justification to maintain this plan as a Chapter 11 plan. In determining what constitutes the cause for dismissing or converting a Chapter 11 case, the Court is not limited to those grounds set forth in § 1112(b). This appears clearly from the legislative history of the Section which states that, "the list contained in § 1112(b) is not exhaustive. The Court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." House Report No. 95–595, 95th Cong., 1st Sess. 405–06 (1977) reprinted in [1978] U.S.Code Cong. and Ad.News, pp. 5787, 5963, 6362; see generally 5 *Collier on Bankruptcy*, ¶ 1112.03[2] (15th ed. 1979).

However, in order to give adequate consideration to the ultimate disposition of this case, this Court is satisfied that the hearing should be scheduled with notice to all parties of interest for the purpose of receiving evidence in support or in opposition of the proposition whether or not this is still a viable Chapter 11 case and should be processed as such or should the Court order a conversion into a Chapter 7 liquidation case.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Rehearing as amended be, and the same hereby is, granted and upon rehearing the Order of March 8, 1982 providing for an abstention and dismissal be, and the same hereby is, vacated and set aside. It is further

ORDERED, ADJUDGED AND DE-CREED that the provisions of the order of February 18, 1982 be, and the same hereby are, reinstated together with the notice of appeals heretofore filed and the Motion for Stay Pending Appeal all of which shall be rescheduled for hearing to determine what bond, if any, shall be required as conditions for the stay. It is further

ORDERED, ADJUDGED AND DE-CREED that although this Court does not grant a temporary restraining order request by PMI at this time, neither the State Court Receiver nor the State of Florida nor counsel for the group of unsecured creditors shall take any further action in the State Court pending resolution and decision on the Motions described above.