**In re SUMMA T REALTY, INC., Debtor.**

**Charles Darwin DAVIDSON, Trustee, Plaintiff,**

**v.**

**Linn KEMPNER, Defendant.**

**Bankruptcy No. LR 82–1237. Adv. No. AP 84–555S.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

July 10, 1985.

---

Thomas H. McLain, Little Rock, Ark., for plaintiff trustee.

C. Richard Crockett, Little Rock, Ark., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT OF DISMISSAL OF COMPLAINT

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff trustee in bankruptcy has filed the within action requesting turnover by the defendant of the sum of $11,880.00 as a matured account or contract right payable to him on demand within the meaning of § 542(b) of the Bankruptcy Code.

After joinder of the issues by the pleadings, the action came on before the bankruptcy court to be heard on its merits on April 26, 1985, in Little Rock, Arkansas. At that time, the plaintiff trustee in bankruptcy appeared by counsel, Thomas H. McLain, Esquire, and the defendant also appeared personally and also by counsel, C. Richard Crockett, Esquire. The evidence which was then adduced warrants the following findings of fact.

### Findings of Fact

It is the contention of the plaintiff that the defendant, while he was in the employment of the debtor corporation, had an account with the debtor corporation consisting, on one side, of his advances or "draws" of money from the debtor corporation and, on the other side, the rights of the defendant to compensation for the services which he rendered to the debtor corporation. The plaintiff contends that there is an excess of the former over the latter in the amount of $11,880.00 which now should be recovered by the debtor corporation's successor in interest, the trustee in bankruptcy. In support of this contention the plaintiff adduced in evidence, over the defendant's objection,[1] a set of checks made to defendant by Summa T Realty, Inc., in the total sum of $11,880.00. No record was made by means of any admissible evidence of any offsets which might be due to the defendant on account of services rendered to the corporation.[2] It was the testimony of the defendant Linn Kempner that he was not hired as a salesman and that the bookkeeping entries which purported to show that he had drawn advances as a salesman were simply erroneous; that he was hired as a kind of "contact" person who was to use his social position and his ability to communicate with persons of

---

1. The court denied the objection, which was based upon a contention that the checks were not relevant to demonstrate the source from which payment was actually made. As noted below in the text of this memorandum, the checks were actually necessary to demonstrate the source of payment and there was really no question of their authenticity or genuineness.

2. The computer records and other records which might have shown the existence of such credits were successfully objected to by counsel for the defendant on the grounds that a proper foundation could not be laid for their admission in evidence.

means to attempt to interest them in investing in David Kane's projects; that he was paid for his endeavors in this respect rather than as a salesman; that it was contemplated that he might become a salesman in the future and, to this end, he at one time took the required broker's examination; that he failed to pass the examination, but it was not regarded as essential to his continued employment; that he fully earned the "advances" which he received; that he did not work for the debtor corporation whose trustee is the plaintiff in this action, Summa T Realty, Inc., but rather worked for Diversified Financial Services; that he questioned Mr. Kane early in his employment as to why his paycheck came from an entity other than Diversified Financial Services, Inc., and Mr. Kane advised him that that was "standard procedure"; that he did not work on a commission basis, but worked on a straight salary basis under which he was to receive a gross salary of approximately $1,000.00 every two weeks. The defendant's testimony to this effect was corroborated by that of Jay DeHaven, another former employee of the same organization as that which employed the defendant, who testified that defendant was not employed as a salesman, but rather as a salaried employee. The testimony of Mr. Kane, however, was insistent that the payments made to the defendant were only advances made against commissions which might be earned in the future if and when the defendant became a lawful and authorized sales representative. He admitted, however, that, prior to becoming a lawfully authorized sales representative, Mr. Kempner could call on customers in tandem with an authorized sales representative and that it was intended that he do so.

Otherwise, it was demonstrated without contradiction that the books and records of the debtor organization did not reflect any payments to Linn Kempner or any balance due from him; that there is a lingering factual question over whether the identification number on the checks issued to the defendant is actually that of Summa T Realty, Inc.[3]; and that there is no testimonial contradiction of the defendant's contention stated by him under oath that he never worked for the debtor organization, but rather worked for Diversified Financial Services.

### Conclusions of Law

 The defendant has moved to dismiss these adversary proceedings on two principal grounds. The first of these is that the underlying title 11 case should be dismissed; that, in prior chapter 11 proceedings filed by entities related to David Kane, the undersigned entered an order abstaining from those proceedings and dismissing them with prejudice; and that that ruling is *res judicata* and binds this court to dismiss the case underlying this adversary action. This motion is without merit for manifold reasons. First of all, the defendant is not a creditor who has standing to move to dismiss the underlying title 11 case.[4] Second, the debtor entity was not involved in the cases which were abstained from and dismissed and there is thus no identity of the parties as is ordinarily a requirement when the doctrine of *res judicata* or collateral estoppel is applied.[5] And

---

3. There was some evidence to show that the identification number which was contained on the checks which had been issued to the defendant was 71 04433826, whereas, in other places, on other documents, the proper identification number of Summa T Realty, Inc., was 71 0518874. The plaintiff's principal witness, when questioned about this apparent conflict or ambiguity in the evidence, stated that he could not state with any certainty what the proper identification number for the debtor was. But the burden of proof on this issue, as on the others in the action, devolves upon the plaintiff. And the evidence does not show clearly what entity the payment came from nor its relationship to the entity which is the named plaintiff in this action.

4. Ordinarily a party who has no claim to any of the estate's assets nor is in any sense a current creditor of the debtor is without standing to request dismissal of the title 11 case. See, e.g., *Matter of Property Management and Investments,* 17 B.R. 728, 730 (Bkrtcy.M.D.Fla.1982).

5. Nor does the evidence show that the named debtor was a successor to or otherwise in privity with any entity in the former proceedings. See note 3, *supra.*

finally, this court has previously held that dismissal with prejudice of a chapter 11 proceeding is not *res judicata* with respect to a subsequent liquidation proceeding inaugurated by the same entity. See *Matter of Lenz*, In proceedings under title 11 of the Bankruptcy Code, 54 B.R. 638 (Bkrtcy. W.D.Mo.1984), to the following effect:

> "The dismissal of the prior chapter 11 case with prejudice bars only the filing of a subsequent chapter 11 case, not the within chapter 7 case, in which a demonstrably different form of relief is sought."

Therefore, for the foregoing separate and independent reasons, the motion to dismiss based upon the theory of *res judicata* or collateral estoppel must be denied.

The second potential ground for dismissal is one which was only imperfectly raised in the course of trial, but it is nevertheless patently meritorious. Counsel for the defendant explicitly contended during the trial that the defendant was not an employee of the debtor organization and was not actually paid by it. Curiously, counsel then objected to the admission in evidence of the two species of documents which tended to prove this defense. The computer records which purported to document the accounts of Summa T Realty, Inc., with its employees was objected to as hearsay, even though those records showed no disbursements to the defendant Linn

Kempner. And counsel also objected to the admission in evidence of the checks by which the defendant was in fact paid, although it was his contention that the checks did not bear the identification number of Summa T Realty, Inc., and, although granted an ample and explicit opportunity to do so, the plaintiff did not demonstrate that the checks bore the correct identification number.

■ Nevertheless, it is the plaintiff's burden to demonstrate that it is the proper party in interest having standing to recover the alleged overpayments.[6] On the basis of the evidentiary record, this burden has not been met. Despite the miscalculation of counsel for the defendant in objecting to the admission of these pieces of evidence, the court may, and, in fact, must deem them admissible insofar as they constitute admissions by a party opponent.[7] So admitted, they tend to show that the defendant was not paid by the plaintiff and it must therefore be concluded that plaintiff has not sustained his burden of demonstrating that he is the proper party plaintiff.[8]

This action must therefore be dismissed. The dismissal may be entered by the bankruptcy court. There can be little doubt that the action brought by the trustee is a "noncore" action which, on its merits, should ordinarily be submitted to the district court for a final judgment. See §§ 157(b)(3), (c)(1), Title 28, United States

---

6. See note 3, *supra*.

7. "No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from technical demands of searching for trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility." Weinstein's Evidence para. 801, p. 801–42, vol. 4 (1984).

8. The last two sentences of Rule 17(a) of the Federal Rules of Civil Procedure, as made applicable in bankruptcy cases by Rule 7017 of the Rules of Bankruptcy Procedure provide that

"(n)o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." In this action, however, there has been no showing of any persuasive quality as to who the real party in interest may be; nor is there any showing that the statute of limitations may run out before an action can be instituted in the name of the real party in interest. And see note 9, *infra*.

Code. But the dismissal of this case is basically on the ground that bankruptcy court jurisdiction is lacking for the reason that one of the parties is not the trustee or a debtor.[9] In such instances, district court bankruptcy jurisdiction is as absent as is bankruptcy court jurisdiction[10] and dismissal by the bankruptcy court is accordingly the appropriate action.[11]

Alternatively, however, even if there is jurisdiction, the above findings of fact warrant a determination that there is no merit in plaintiff's complaint; that, even if it could be found that the debtor was the entity which actually paid defendant, he was simply a salaried employee who fully earned all that he was paid; and that the credible testimony of Kempner and the witness DeHaven fully and substantially supports this conclusion.

Accordingly, it is hereby

ADJUDGED that this action be, and it is hereby, dismissed.

---

9. Even "consent cannot operate to confer jurisdiction on the bankruptcy court as to a claim asserted by strangers to the proceedings over a matter in no way connected with the administration or distribution of the bankrupt estate." 2 Collier on Bankruptcy para. 23.08, p. 534, n. 7 (1976).

10. Like bankruptcy court jurisdiction, district court jurisdiction is based upon actual or constructive possession of the property of the estate. See section 1334(d), Title 28, United States Code.

11. "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence ..., (t)he court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence (including) ... a dismissal for lack of jurisdiction ..." Rule 41(b), F.R.Civ.P.; Rule 7041 of the Rules of Bankruptcy Procedure.