**In re SUN WORLD BROADCASTERS, INC., Debtor.**

**Bankruptcy No. 80–489–ORL–BK.**

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

Sept. 2, 1980.

Eli H. Subin, Orlando, Fla., for receiver.

Raymer F. Maguire, Jr., Orlando, Fla., for debtor.

Jeffrey R. Jontz, Orlando, Fla., for petitioning creditors.

## ORDER GRANTING MOTION TO DISMISS

GEORGE L. PROCTOR, Bankruptcy Judge.

This case was initiated by an involuntary petition under Chapter 7 against Sun World Broadcasters, Inc., a Florida corporation (hereinafter Sun World). Sun World is and has been in involuntary liquidation, initiated by a creditor pursuant to the provision of the Florida General Corporations Act, § 607.274, *Florida Statutes*, since November 18, 1976. The state court found Sun World to be insolvent and appointed a receiver for the purpose of liquidating the corporation. The receiver has taken possession of the debtor's assets, obtained a transfer of its broadcasting license, and assembled its creditors through the claims procedure provided by the state law. The state court liquidation was ready to be concluded when this petition intervened.

The state court receiver has responded to the petition with a Motion to Dismiss on a number of grounds. The debtor corporation has joined in controverting the petition and has adopted the receiver's arguments on its own behalf. The tandem motions raise a number of points.

### Standing

The first issue is whether the receiver has standing to respond to the petition. Petitioning creditors assert that under § 303(d) of the Bankruptcy Code, only the debtor (or a partner of a debtor that is a partnership) may answer an involuntary petition. They argue that the real party in interest is the debtor and that the receiver is merely a custodian of the assets of Sun World within the meaning of § 101(10). Since neither the Code nor the Rules explicitly provide for any participation by a custodian in involuntary proceedings, they reason, the receiver lacks standing.

The receiver responds that under the Florida Statute he is the only person who has standing to act on behalf of Sun World. He bolsters this argument by the results of an appeal taken by the corporation in a related proceeding. A creditor obtained a judgment against Sun World in the United States District Court. The receiver was a party to the action but did not join in the appeal, which the corporation attempted to take in its own right. The Fifth Circuit granted a motion to dismiss the appeal, holding that:

[G]iven the language of the Florida Statute and order appointing the receiver, it is clear that the receiver under the supervision of the state court has the exclusive right to deal with the receivership property.

Under these circumstances, the receiver is the only real party in interest . . ..

*Christian Broadcasting, Inc. v. Sun World Broadcasters, Inc.*, 612 F.2d 577 (5th Cir. 1980).

■ This Court is inclined to agree with the receiver but does not find it necessary to rule on the point because any defect or lack of standing has been cured by the debtor corporation's responding to the petition and joining in the receiver's arguments.

### Jurisdiction

■ The next hurdle the Court faces is jurisdiction. The debtor argues that the state court receivership proceeding is an *in rem* action and that the assets of the debtor are *in custodia legis* of the state court. *Carney v. Sanders*, 381 F.2d 300 (5th Cir. 1967), and other cases are cited for the proposition that where one court has acquired possession of a *res*, the property is withdrawn from the jurisdiction of all other courts including the Bankruptcy Court.

The Court is well satisfied that under the Code it has ample jurisdiction over the assets of Sun World. Section 541 creates an estate comprised of all of the debtor's property, wherever located. The state court receiver comes within the definition of

"custodian" in § 101(10); § 543 provides for turnover of property by a custodian, which is then included in the estate pursuant to § 541(a)(4).

### Abstention

The receiver and the debtor also contend that this case should be dismissed under the provisions of § 305. The abstention provision is new to the Bankruptcy Code. Section 305(a) provides:

The Court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension . . . ..

The House and Senate Reports on Section 305(a) relate that the court may dismiss or suspend if an arrangement is already being worked out by creditors and the debtor outside of court, the creditors' rights are not being prejudiced in the arrangement, and the involuntary case has been instituted "by a few recalcitrant creditors to provide a basis for future threats to extract full payment." House Report No. 95–595, 95th Congress, 1st Session (1977) 325; Senate Report No. 95–989, 95th Congress, 2nd Session (1978) 35, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6281. There are no reported cases construing this section.

Evaluating the best interests of creditors and the debtor is a broad task which requires the consideration of many factors. Upon evaluation of these factors, the Court concludes that the interests of the creditors in general and of the debtor would best be served by an abstention, and the Court, accordingly, elects to dismiss this case.

■ The first consideration is economy and efficiency of administration. This case has been in continuous litigation since 1976. To reach this stage, hundreds of thousands of dollars have been spent by the debtor, the receiver, their attorneys and attorneys for the creditors. The state court has ordered the receiver to distribute the assets he has marshalled, and the state court pro-

ceeding is now ready to be concluded. During the four years of administration there have been proceedings before the Federal Communications Commission and multiple review by the Florida appellate courts. It is too late in the game to switch playing fields. The creditors have waited four years for payment on their claims; were bankruptcy administration to commence now, they conceivably might have to wait four more.

The petitioning creditors note that one of the assets held by the receiver is a note payable over nine years. The Bankruptcy Court could not accelerate the terms of the note. A bankruptcy trustee, if he chooses, could sell the note and immediately distribute the proceeds, but that option is also available to the state court receiver.

It is obvious from the record that the true basis of this petition is the treatment of the principal petitioning creditor, the Christian Broadcasting Network (hereinafter CBN), in the state court proceeding. Before the receivership action, CBN obtained a judgment against the debtor for some 1.1 million dollars. The receiver objected to the claim, and the state court eventually allowed it for approximately $650,000. In addition to being reduced in amount, CBN's claim was subordinated to the claims of other creditors. Understandably, CBN is not pleased by the state court decision, but it has had full opportunity to present its claim in the state court and may further litigate the amount of its claim if it should so desire. The Bankruptcy Court should not be available as a super appellate court for dissatisfied claimants in state court liquidation proceedings. There have been a number of collateral attacks to the receivership action, and this involuntary petition is apparently one more. CBN's recourse is and should be through the state court appellate procedure.

CBN's claim was the only timely filed claim not allowed in full by the state court. The receiver has liquidated Sun World's assets in such a way as to provide a sum adequate for the payment of all claims, even if CBN wins on appeal so that its claim is allowed in full. There are 56 other creditors who will shortly be paid in full if the state court proceeding is allowed to continue. These 56 creditors could not possibly fare better were bankruptcy administration to commence, imposing a second layer of costs, fees, and expenses.

The petitioning creditors contend that the state court proceeding is unfair because the assets will not be distributed in an identical fashion as would occur in a liquidating bankruptcy. CBN claims the state court has failed to treat creditors equally situated on an equal basis because its claim is subordinated to those of other creditors. But equitable subordination is a concept well established in bankruptcy law, and there is no reason why the state court cannot use its equity powers to achieve a similar result.

The state court established, according to statute, a four-month period for creditors to file their claims. Claims filed after the deadline were disallowed entirely. Several creditors whose claims were disallowed as untimely filed in the state court proceeding have sought to intervene in this bankruptcy petition. In bankruptcy, the order of distribution mandated by § 726 does not disallow late claims, but instead subordinates them to creditors who have timely filed. In the same vein, they complain that interest is not being allowed on their claims although a surplus will be returned to the debtor.

█ The question really is whether every state court liquidation is required to follow the priorities of distribution found in § 726 of the Bankruptcy Code. This Court finds that the principles of federalism, comity, and the dual judicial system do not require this. The state court has chosen its method of distribution and a state appellate court might subsequently alter that method, but the choice lies within the province of state law.

The Court is not saying that it will never intervene once a state court liquidation has started. However, the creditors were free to file an involuntary petition four years ago. They and all other parties have apparently been content to proceed in the state court. There exists an element of estoppel: a disgruntled player should not be heard to

complain at the end of the fourth quarter that the game would have been better played in another stadium.

A dismissal entered under § 305(a) is a non–appealable order, and thus places a particularly heavy burden on the Court. This Court does not enter the order lightly, but feels that this case presents a textbook example for future students of § 305(a).

Section 303(i) permits the court upon dismissal of an involuntary petition to award costs, attorneys fees, damages, and, if the petition had been filed in bad faith, punitive damages. The court holds that the costs and fees allowable under § 303(i) are not possible in a case that is dismissed under § 305. Further, even if a § 305 dismissal could provide for costs and fees, the court finds that no fees should be awarded in this case.

Wherefore, in view of the foregoing discussion, it is ORDERED as follows:

1.  This case is dismissed;

2.  Each party shall bear its own costs;

3.  All other motions pending in this case are moot.