**In re MICHAEL S. STARBUCK, INC., and Michael S. Starbuck, Inc., and Associates, Alleged Debtors.**

**Bankruptcy Nos. 81 B 10487, 81 B 10586.**

United States Bankruptcy Court, S. D. New York.

Sept. 16, 1981.

Sage, Gray, Todd & Sims, New York City, for receiver.

Ira W. Berman & Associates, New York City, for petitioning creditors.

**DECISION ON APPLICATION TO DISMISS INVOLUNTARY PETITIONS**

EDWARD J. RYAN, Bankruptcy Judge.

On March 17, 1981, involuntary petitions were filed, in accordance with 11 U.S.C. § 303, by Richard Sills, Janet Sills, John Humphry and Elizabeth Humphry against Michael S. Starbuck, Inc., and Michael S.

Starbuck, Inc., and Associates ("MSI and MSIA", respectively). Prior to the filing of the petitions, in January 1980, MSI and MSIA were ordered into receivership pursuant to a complaint filed in the District Court for the Southern District of New York by the Securities and Exchange Commission ("SEC"). Steven Glusband was appointed as receiver by the District Court for both MSI and MSIA. (*See, Securities and Exchange Commission v. Michael S. Starbuck, et al.*, 80 Civ. 0231((HFW)).)

The receivership resulted from a complaint filed by the SEC alleging that MSI and MSIA had sold investment interests in violation of federal securities law. The receiver, after taking charge of MSI and MSIA's assets, retained counsel and an independent accounting firm to assist in the administration of the receivership estate. The receiver has taken possession of securities held for MSI and MSIA by various brokerage firms. He has sold securities and has used the proceeds to extinguish a large debit balance in one of MSIA's accounts. Mr. Glusband has assisted the New York State Attorney General's office in their investigation of Michael Starbuck's activities. He has overseen the accounting firm of Laventhol and Howarth in their production of a statement of accounts for MSI and MSIA. In December 1980, Mr. Glusband commenced an action in the United States District Court, Southern District of New York, to recover damages on behalf of the receivership estate. (*See, Glusband v. Michael S. Starbuck, et al.*, 80 Civ. 7387 ((HFW)).) Throughout his administration of the receivership estate, the Receiver has advised the investors in MSIA of the progress being made.

The question before this court concerns the matter of abstention; specifically, whether this court should dismiss the involuntary petitions against MSI and MSIA pursuant to Section 305 of the Bankruptcy Code. 11 U.S.C. § 305.

The goal of liquidation under the Bankruptcy Act was to provide for the equitable distribution of the insolvent's assets. *See, In re Dearborn Mfg. Corp.*, 92 F.2d 417, 418 (2d Cir. 1937), *cert. den.* 303 U.S. 648, 58 S.Ct. 745, 82 L.Ed. 1109 (1937). This is also the goal of Chapter 7 of the Bankruptcy Code. A primary duty of the trustee under Chapter 7 is to reduce the property of the estate to money in a manner compatible with the best interests of involved parties. *See*, 11 U.S.C. § 704. However, there is no need to invoke the machinery of the bankruptcy process if there is an alternative means of achieving the equitable distribution of assets. The bankruptcy court may abstain if it is in the best interests of the creditors and the debtor that it do so. 11 U.S.C. § 305(a)(1).

In evaluating the best interests of the creditors and the debtor, efficiency and economy of administration are primary considerations. *See, In re R. V. Seating, Inc.*, 8 B.R. 663, 665 (Bkrtcy.S.D.Fla.1981), citing *In re Sun World Broadcasters, Inc.*, 5 B.R. 719 (Bkrtcy.M.D.Fla.1980).

The SEC equity receivership is providing for efficient and equitable distribution of MSI and MSIA's assets. Over 1,400 hours and $4,500 have already been expended by the receiver and counsel in the administration of the estate. Allowing this matter to continue as a debtor proceeding under the Bankruptcy Code would result in a terrible waste of time and resources. Many services, already rendered in the administration of the receivership estate, would have to be repeated at additional expense to the estate. No advantage would accrue to the creditors if this matter were to proceed in the bankruptcy court. Rather, their best interests will be served by the continued administration of the equity receivership.

Accordingly, the best interest of the creditors and the debtors requires dismissal of the proceedings. Settle an appropriate order.