**In re Anthony R. MARTIN–TRIGONA, Debtor.**

**Bankruptcy No. 83 B 11045.**

United States Bankruptcy Court, S.D. New York.

Dec. 6, 1983.

Reargument Denied Jan. 6, 1984.

Office of the United States Trustee for the Southern District of New York, New York City, for U.S. trustee, Lance Evans, New York City, of counsel.

Levin & Weintraub & Crames, New York City, for Capital Cities Communications, Inc.; Elias Mann, New York City, of counsel.

Anthony R. Martin-Trigona, pro se.

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

The United States Trustee, joined by Capital Cities Communications, Inc. ("Capital"), requests this Court to abstain, pursuant to § 305(a) of the Bankruptcy Code, 11 U.S.C. § 305 ("Code"), from exercising jurisdiction over this Chapter 13 proceeding brought by debtor Anthony Martin-Trigona. Alternatively, they move for a dismissal of the case under § 1307(c) of the Code with prejudice. No claim is made that, by virtue of a pending Chapter 7 proceeding before the United States District Court for the District of Connecticut, this Court lacks jurisdiction over this proceeding or that this proceeding is suspended pursuant to Rule 1014(b) of the Rules of Bankruptcy Procedure.

I

Prior to filing, on July 14, 1983, the voluntary petition giving rise to the instant proceeding, the debtor had filed Chapter 11

petitions in this Court on his own behalf and on behalf of New Haven Radio, Inc. Both cases were transferred to the United States Bankruptcy Court for the District of Connecticut. They were subsequently converted to cases under Chapter 7 of the Code and are still pending.

On June 17, 1983, the United States District Court for the District of Connecticut, per Judge Jose A. Cabranes, permanently enjoined Mr. Martin-Trigona from "filing any new proceedings in any court (state or federal) of the United States without first obtaining leave of that court" apparently in order to curb a plethora of litigation brought by the debtor. That order also established the procedure by which Mr. Trigona must seek such leave.[1] The debtor did not comply with any of the seven requirements in filing the present action.

Moreover, the debtor has not filed, in the instant action, his schedules of assets and liabilities. His petition contains only a list of 21 creditors with unknown claims. He has not proposed any repayment plan pursuant to § 1321 of the Code. Nor did he appear at the adjourned hearing of this motion.

## II

■ We turn first to the contention of the Trustee that this Court should abstain from exercising jurisdiction over this case pursuant to § 305 of the Code. That section provides, in pertinent part:

... (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; ...

\* \* \* \* \* \*

(c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.

Although the statutory language and scant legislative history, at first blush, seem to indicate that a bankruptcy "court is permitted, if the interests of creditors and the debtor would be better served by dismissal of the case or suspension of all proceedings in the case, to so order," [2] this language is not to be read to afford the unlimited broad discretion that it might portend. Congress, in enacting § 305, cited the unusual case of a private workout or other form of composition with creditors that is jeopardized by an involuntary filing of a petition "by a few recalcitrant creditors to provide a basis for future threats to extract full payment" as an example of a case appropriate for abstention under § 305.[3] There is no indication that a broader meaning was intended.

Indeed, it is clear from the legislative history cited above that Congress sought to express, with special emphasis on the inter-

---

1. The order contained the following procedural requirements: "First, he must file with the complaint a motion captioned, 'Motion Pursuant to Court Order Seeking Leave to File.' Second, as Exhibit 1 to that motion he must attach a copy of this order. Third, and as Exhibit 2 to that motion, he must attach either declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new claim never before raised by him in any court. Fourth, and as Exhibit 3 to that motion, he must identify by listing the full caption of each and every suit previously filed by him or on his behalf in any court against each and every defendant to the suit he wishes to file. Fifth, and as Exhibit(s) 4 (and continuing as necessary) to that motion he must provide a copy of each such complaint and a certified record of its disposition. Sixth, he must serve a copy of this order on each

defendant when serving the complaint in the new case. Seventh, the time in which a defendant is to answer shall not begin to run until 21 days from the issuance of the court's order permitting the filing of the new case. Failure to comply with the terms of this order shall be sufficient grounds for a court to deny any motion made by Anthony Martin-Trigona. Further, any failure by Anthony R. Martin-Trigona to advise the court of this order or to comply with its requirements shall be sufficient defense to sustain a motion to dismiss."

2. House Rep. No. 95–595, 95th Cong., 1st Sess. 325 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 35 (1978); U.S.Code Cong. & Admin. News 1978, pp. 5787, 5821, 6281.

3. *Id.*

ests of creditors and the debtor, the doctrine of abstention as that concept has evolved in the federal courts generally. Congress' choice of language expressing the procedural result of abstention, a dismissal, without using the word "abstention", is to be seen, not as affording the court with unlimited discretion to reject cases, but merely as a codification of the procedural result of a decision to abstain.

■ Adoption of "familiar legal expressions in their familiar legal sense," *Henry v. United States,* 251 U.S. 393, 395, 40 S.Ct. 185, 186, 64 L.Ed. 322 (1920) demarks a Congressional intention that such phrases be accorded "the meaning long attached to them." *In re Saypol,* 31 B.R. 796, 802 (Bkrtcy.S.D.N.Y.1983). As such a term, "abstention" has acquired considerable gloss expressive of the notion that abstention from the exercise of federal jurisdiction is the sharply limited exception, not the rule. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, ——, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983). The Federal Courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Colorado River Water Conservation District v. United States, supra,* 424 U.S. at 817, 96 S.Ct. at 1246. The doctrine springs from "considerations of proper constitutional adjudication and regard for federal-state relations," *Colorado River Water Conservation District v. United States, supra,* 424 U.S. at 817, 96 S.Ct. at 1246, and is limited to the "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813, 96 S.Ct. at 1244, *quoting County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1062–1063, 3 L.Ed.2d 1163 (1959).

Accordingly, abstention has been narrowed to three exceptional circumstances identified in *Colorado River Water Conservation District, supra,* 424 U.S. at 814–816, 96 S.Ct. at 1244–1245:

1. Cases involving the constitutionality of a state statute or administrative order where the Federal constitutional issue might be mooted or be presented differently by state court interpretation of the statute or order;

2. Cases involving difficult issues of state law raising significant issues of state policy transcending the result in the case at bar;

3. Cases, absent bad faith, harassment or a patently invalid state statute, seeking to enjoin state criminal proceedings, state nuisance proceedings antecedent to a state criminal proceeding, or the collection of state taxes.

To these can be added the doctrine of *Thompson v. Magnolia,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), applicable to adversary proceedings before the bankruptcy courts and other specified proceedings. *See* 1 *Collier on Bankruptcy* ¶ 3.01 (15th ed. 1982). In *Thompson* Justice Black ruled that the proper exercise of its exclusive control over administration of an estate

... may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to State courts of particular controversies involving unsettled questions of State property law and arising in the course of bankruptcy administration.

309 U.S. at 483, 60 S.Ct. at 630.

■ Complementing the doctrine of abstention is the closely related doctrine of judicial deference that exists between federal courts: a later filed case can be stayed in favor of an earlier proceeding between the same parties in order to avoid duplicative litigation. *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). In truly exceptional circumstances involving control by state courts over a *res* or property, a plainly inconvenient federal forum and the existence of piecemeal litigation, federal cases may be dismissed in favor of concurrent state court proceedings. *Colorado River Water Conservation District, supra,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483. But such situations are extremely rare. *See*

*Moses H. Cone Memorial Hospital supra,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765.

■ The federal courts retain the duty to exercise the jurisdiction granted to them. That duty and the non-appealability of dismissal or suspension under § 305 imposes a particularly heavy burden on those advocating abstention and on the courts that would abstain from hearing the proceedings before them. *In re Sun World Broadcasters,* 5 B.R. 719, 6 B.C.D. 884, 2 C.B.C.2d 899 (Bkrtcy.M.D.Fla.1980); *see also, In re Donaldson Ford, Inc.,* 19 B.R. 425, 8 B.C.D. 1387, 6 C.B.C.2d 564 (Bkrtcy N.D.Ohio 1982).

In exercising that duty, but nevertheless abstaining from particular proceedings, the courts in *In re Sun World Broadcasters, supra,* 5 B.R. 719 and in *In re Michael S. Starbuck, Inc.,* 14 B.R. 134, 8 B.C.D. 89, 5 C.B.C.2d 97 (Bkrtcy.S.D.N.Y.1981) have fashioned an "economy of administration" test. But that test is to be read in light of the example cited by Congress, the closely analogous factual circumstances of those cases involving involuntary petitions filed by a few creditors dissatisfied with the accommodations reached in a federal court receivership action or a state court liquidation, and the constraints on all federal courts in abstaining from hearing cases. Thus, the court in *In re RAI Marketing Services, Inc.,* 20 B.R. 943, 9 B.C.D. 477, 6 C.B.C.2d 995 (Bkrtcy.D.Kan.1982), limited § 305 to cases where

    1. The petition was filed by a few recalcitrant creditors and most creditors oppose bankruptcy;

    2. There is a state insolvency proceeding or other equitable and concrete out-of-court arrangement pending; and

    3. Dismissal or suspension is in the best interests of the debtor and all creditors. 20 B.R. at 946.[4]

### III

■ In urging abstention notwithstanding the extraordinary circumstances required, the United States Trustee argues that the debtor's Chapter 13 case involves the same creditors who are parties to his Chapter 7 case and asserts that the same policy of deference to another proceeding expressed in *In re Michael S. Starbuck, Inc., supra,* 14 B.R. 134, and in *In re Sun World Broadcasters, supra,* 5 B.R. 719 is applicable. This argument fails on two grounds. First, comparison of the petitions and schedules of creditors in this proceeding with the debtor's Chapter 7 proceedings in Connecticut reveals that of the 21 creditors listed by the debtor in his Chapter 13 case only eight are party to the pending Chapter 7 cases. Two of the eight overlapping creditors are secured. The evidence does not permit the conclusion that this is a case where the same rights and interests are the subject of a concurrent proceeding attempting to accommodate the same body of creditors holding the same claims.

Secondly, the debtor here has filed a voluntary petition involving a body of debt and property seemingly different from that involved in his Chapter 7 proceeding. *See In re Tauscher,* 26 B.R. 99, 9 B.C.D. 1425 (Bkrtcy.E.D.Wis.1982). Were the cases duplicative, Rule 1014(b) would apply; this proceeding would be suspended pursuant to that rule and relief from the suspension would have to be sought pursuant to that Rule from the court, here the District of Connecticut, where the first petition is pending. The policy expressed in the cases initiated by creditors disgruntled with the results of non-bankruptcy proceedings is, therefore, of little use in this case.

The obligation of this court to exercise its jurisdiction cannot be so easily dismissed as to justify abstention on grounds of general policy less firmly embedded and of less import than the rules articulated in *Colorado River Water Conservation District, supra,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483,

---

4. The second of these tests is not fully in accord with the traditional federal-state relationship basis of abstention. We are not, however, concerned here with a concurrent out-of-court arrangement. Nor are we presented with concurrent federal equity receivership as in *In re Michael S. Starbuck, Inc.,* 14 B.R. 134, 8 B.C.D. 89, 5 C.B.C.2d 97 (Bkrtcy.S.D.N.Y.1981). We thus express no opinion as to the applicability of § 305 to such a situation.

and *Thompson v. Magnolia,* supra, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. Where a bankruptcy proceeding is not brought involuntarily by a few creditors dissatisfied with the outcome of a good faith state law liquidation or receivership proceeding and merely seeks its repetition, the interests of creditors and of the debtor lie in the bankruptcy courts' exercise of its powers under the Code, tempered by abstention in the narrow circumstances noted above, none of which apply here.

## IV

In the exercise of that jurisdiction, we now turn to the Trustee's alternative assertion that this case should be dismissed pursuant to § 1307(c) of the Code. Section 1307(c) provides, in pertinent part:

... (c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, *including—*

(1) unreasonable delay by the debtor that is prejudicial to creditors; ...

(3) failure to file a plan timely under section 1321 of this title; ...

[Emphasis added] 11 U.S.C. § 1307(c). The term "including" under § 102(3) of the Code is "not limiting:" the list provided in § 1307 as grounds for dismissal is not exhaustive. *Matter of Vlahakis,* 11 B.R. 751 (Bkrtcy.M.D.Ga.1981); *In re Roderick,* 20 B.R. 485 (Bkrtcy.D.R.I.1982); *In re Ratmansky,* 7 B.R. 829, 6 B.C.D. 1362 (Bkrtcy. E.D.Pa.1980). This Court may consider grounds for dismissal that supplement those listed above.

In this case, the debtor has not yet filed a plan as required by § 1321 of the Code in the four months this case has been pending. Rule 3015 of the Rules of Bankruptcy Procedure requires the debtor to submit a plan within 15 days after the filing of the Chapter 13 petition. The debtor has also failed to supply the court with any schedules of assets and liabilities on which an evaluation of his financial condition may be based. The only statement received by the court pertaining to the debtor's finances is a list of 21 creditors.

■ The debtor's unexplained failure to submit a plan is cause for dismissal of the case under § 1307(c)(3) of the Code. Similarly, the unexplained failure to submit the financial information required by Rule 1007(b) together with his failure to file a plan constitutes unreasonable delay by the debtor, and is cause for dismissal of the case under § 1307(c)(1). These failures sharply prejudice creditors who are entitled to such information and it is in their best interests that the case be dismissed.

■ Section 349(a) of the Code provides that dismissal of a case is without prejudice unless the court, for cause, orders otherwise. A dismissal with prejudice is a drastic sanction which may affect substantial rights of the litigant and should only be used in extreme situations. *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885, 887 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). Generally, this remedy is appropriate only where there is a clear record of "delay and contumacious conduct" by the petitioner. *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967). Where there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to § 349(a). *In re Petro,* 18 B.R. 566, 8 B.C.D. 1074, 6 C.B.C.2d 336 (Bkrtcy.E.D.Pa.1982).

■ In the present case, the debtor has not only failed to file a plan or schedules, he has violated the injunction issued by District Judge Cabranes in failing to comply with the prescribed conditions for obtaining leave to file this proceeding.[5] True, the debtor disputes the validity of that injunc-

5. *See* note 1, *supra.*

tion. There is, however, no dispute that the United States District Court for the District of Connecticut had *in personam* jurisdiction over Martin-Trigona. It is similarly undisputed that it had exclusive jurisdiction over the subject *res* of his Chapter 7 proceeding and can act to protect its jurisdiction. *See In re Macon Uplands Venture,* 624 F.2d 26, 6 B.C.D. 979, 2 C.B.C.2d 753 (5th Cir.1980). As such Martin-Trigona is bound by the injunction unless it is vacated by the Court that issued it or on appeal. *See* 28 U.S.C. § 1292(a)(1). *See also* Restatement (Second) Judgments § 87 (1982). Its violation constitutes cause for dismissal with prejudice at least as to debts that are dischargeable in the proceeding before the court that issued the injunction.

Further cause for dismissal of this case with prejudice also lies in the debtor's refusal to cooperate in the meeting of creditors mandated by § 341 of the Code. The debtor is required to appear and submit to examination under oath at the § 341 meeting of creditors. 11 U.S.C. § 343. Rule 2004(b) of the Rules of Bankruptcy Procedure permits a broad scope of examination.[6]

An examination of the transcript of the § 341 meeting reveals the debtor's uncooperative and belligerent responses to questions clearly within the allowable scope of the examination. The debtor responded to questions regarding Judge Cabranes' injunction with a furious tirade, refused to even give his social security number, and filled the room with a host of bigoted remarks.[7]

The importance of full disclosure and cooperation by a Chapter 13 debtor at the § 341 meeting cannot be overstated. It is there that the debtor's budget can be fully examined so that his good faith in proposing his plan be tested at confirmation under § 1325(a)(3) of the Code. It is there that a Chapter 13 debtor is required to disclose fully his assets, income and liabilities so that it can be determined at confirmation whether the present value of plan payments to unsecured creditors equals or exceeds the amount such creditors would receive if the debtor's estate were liquidated under Chapter 7 of the Code. *See* 11 U.S.C. § 1325(a)(4).

Chapter 13 of the Code provides a very liberal vehicle through which debtors can alter their contracted mode of paying their debts. The success of a Chapter 13 repayment plan is almost wholly dependent upon the sincerity of the debtors' desire to pay back his debts. In a case, such as this one, where the debtors demonstrate an absence of that sincerity, time and again, through reckless disre-

---

6. Rule 2004(b) provides:

"The examination of any person under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In an individual's debt adjustment case under chapter 13 or a reorganization case under Chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan."

7. The following are examples of the debtor's behavior at the § 341 hearing:

Q: Did you appear before Judge Cabranes in connection with an application to enjoin you from proceeding in certain matters?
A: No, I was driven into court in front of Judge Cabranes, but he was having a nervous breakdown, so I don't think that anything he said should be in any way held to be the product of a rational mind. Judge Cabranes is a Puerto Rican terrorist who attempted to extort from me property on behalf of his family law firm and his wife and his law firm.
Q: Have you ever—?
A: He has a practice of mailing crackpot letters at government expense which he styles injunctions and orders.

.      .      .      .      .

Q: I see no document on file in any Court—
A: You go talk to the Clerk. Go do some work for ... it's better than the Jews living off the fat of the land all the, stealing peoples' money like you have tried to steal mine. Go crawl in some sewer and make some more—

gard for the provisions of the Code and the authority of the Bankruptcy Court, it is clear that their case is ripe for a dismissal with prejudice.

*In re Petro,* supra, 18 B.R. 566.

By his conduct at the hearing and in failing to file schedules and a plan, this debtor has subverted this process. His creditors should not be faced with the possibility of having to repeat such an experience. The case should be dismissed with prejudice, pursuant to § 349 and § 1307(c) of the Code, as to all debts excepting those dischargeable in the debtor's Chapter 7 proceeding.

It is SO ORDERED.

### ON MOTION FOR REARGUMENT

The motion for reargument is DENIED, except that the dismissal previously ordered by this Court shall be without prejudice.