**In the Matter of Gregory Alan LADD, Debtor.**

**Bankruptcy No. 84–11101.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 26, 1988.

F. John Rogers, Fort Wayne, Ind., for debtor.

Frank O. McLane, Marion, Ind., trustee.

### ORDER

ROBERT E. GRANT, Bankruptcy Judge.

This proceeding began more than three years ago, with the filing of debtor's petition for relief under Chapter 11 on December 12, 1984. On February 17, 1987 a creditor, Lincoln National Bank, filed a motion to dismiss, convert, or appoint a trustee. That motion was premised, *inter alia*, upon debtor's incompetence and gross mismanagement, as well as unreasonable delay to the prejudice of creditors. Although this motion was set for a hearing on March 18, 1987, the court never had the opportunity to address its merits. Instead, on the day of the hearing, debtor filed its own motion to convert to Chapter 7, which was duly granted.

As a result of the debtor's motion to convert, Frank O. McLane was appointed trustee and a meeting of creditors was scheduled pursuant to 11 U.S.C. § 341. The debtor failed to appear, as required by 11 U.S.C. § 343, for this meeting. Accordingly it was rescheduled for June 2, 1987. When the debtor again failed to appear for the § 341 meeting, the trustee filed a motion to dismiss. That motion first came before the court on the afternoon of September 16, 1987. Although debtor did not appear, he was represented by his attorney, Mr. F. John Rogers.

At the dismissal hearing, Mr. Rogers pleaded, on behalf of his client, for further indulgence from this court, through yet a third opportunity for his client to appear at a § 341 meeting. The Trustee acquiesced and the indulgence was granted by the court's order of September 28, 1987, which scheduled the § 341 meeting for the morning of October 20, 1987. The order of September 28, 1987 further provided that debtor's failure to appear would result in dismissal, without further notice or hearing, upon receipt of such an affidavit from the trustee.

On October 27, 1987 the trustee filed his affidavit concerning the events of the first meeting of October 20. From the affidavit it appears that Mr. Ladd appeared at the meeting to be sworn but, shortly thereafter, left the courtroom before his case was called. He failed to return and testify. The ultimate result of the debtor's conduct is the same as if he had never bothered to appear at all.

This matter is now before the court on the trustee's affidavit for an order of dismissal.

No one can dispute that a debtor's refusal to cooperate with the bankruptcy court may constitute cause warranting dismissal. *In re Mandalay Shores Co-Op Housing Association, Inc.*, 63 B.R. 842, 847 (Bankr. N.D.Ill.1986). Accordingly, the court has no doubt that the debtor's failure to obey

its orders and appear at three separate § 341 meetings, as required by 11 U.S.C. § 343, constitutes cause justifying dismissal, pursuant to 11 U.S.C. § 707(a). Instead, the question confronting the court is whether or not the circumstances are such that cause exists for dismissal with prejudice, pursuant to 11 U.S.C. § 349.

Where a case is dismissed as a result of a debtor's misbehavior, whether or not it is dismissed with prejudice is a question committed to the discretion of the bankruptcy court. *In re Mandalay Shores, supra*, 63 B.R. at 851. Nonetheless, in proceeding to address the question, this court recognizes that

> a dismissal with prejudice is a drastic sanction which may affect substantial rights of the litigant and should only be used in extreme situations. *In re Martin–Trigona*, 35 B.R. 596, 601 (Bankr.S. D.N.Y.1983)

Consequently, cause justifying dismissal of a case, pursuant to § 707(a), is not necessarily sufficient cause to warrant dismissal with prejudice. *See, In re Petro*, 18 B.R. 566, 570 (Bankr.E.D.Pa.1982). Instead, dismissal with prejudice is generally thought to be "appropriate only where there is a clear record of delay and contumacious conduct ..." *In re Martin–Trigona, supra*, 35 B.R. at 601. Most courts have, thus, chosen to evaluate a multiplicity of factors before determining whether or not dismissal with prejudice is warranted. This frequently involves a review of the debtor's overall conduct throughout the entire proceeding. *See, In re Petro, supra* and *In re McClure* 69 B.R. 282 (Bankr.N.D.Ind.1987)

The importance of the debtor's appearance and cooperation with the trustee at a § 341 meeting cannot be overemphasized. This is the first and frequently the only opportunity the trustee and creditors have to question the debtor concerning his financial condition, assets, and liabilities. In addition to the contents of the schedules, it is one of the major starting points for the trustee's administration of the bankruptcy estate. The information the debtor provides at this time assists the trustee in determining what assets, if any, are avail-

able for him to administer and their location. In the absence of the debtor's testimony, the administration of the bankruptcy estate is crippled and the trustee cannot properly fulfill his obligations under the Code.

The debtor has failed to appear for not one but three separate § 341 meetings. His disappearance from the most recent § 341 meeting, and by inferance his refusal to be questioned, has made a charade of the court's orders and the first meeting of creditors. Debtor's misconduct is compounded when one remembers that the opportunity for a third § 341 meeting was given at the debtor's request, to which the trustee acquiesced. The court believes that this, in and of itself, demonstrates sufficient delay and contumacious conduct to justify dismissal with prejudice. *In re Martin–Trigona, supra*, 35 B.R. at 602.

While the debtor's failure to appear for three separate § 341 meetings is a primary factor in court's decision to dismiss this proceeding with prejudice, it is not the only factor. Having reviewed the entire record since this proceeding was first initiated, the court is persuaded that there are a multiplicity of factors which combine to require dismissal with prejudice, under any standard. Prior to conversion, this case pended as a Chapter 11 reorganization for more than two years without a plan being confirmed or a disclosure statement being approved. These documents were not submitted until the same day the debtor was required to appear and show cause why they had not been filed timely, as required by the court's earlier orders. Similarly, although the debtor was required to file a final report, concerning its operations under Chapter 11 by April 22, 1987, this report was not filed until September 16, 1987 —the same day that the debtor was required to appear and show cause why it had not been filed earlier.

The timing of the debtor's motion to convert is also instructive. As indicated above, it was filed on the same day as the hearing on the creditor's motion to dismiss, convert, or for appointment of a trustee. Consequently, although the debtor implicit-

ly acknowledged that the motion was well taken, he escaped having the court determine its merits. This court will not, however, indulge in any speculation concerning what the consequences of such a determination might have been.

Lastly, although a debtor-in-possession is required to file monthly operating reports, concerning its income and expenses during the Chapter 11 administration, the court's docket indicates the last such report is for the month of March, 1985.

Viewing this proceeding in its entirety, it appears that the debtor has done nothing more than seek the benefits of bankruptcy, without any willingness to accept the burdens or the concomitant obligations those benefits entail. Throughout this case, debtor has chosen to ignore or disobey the court's orders, complying, if at all, only when required to show cause as a result of his default. *See, In re McClure, supra,* 69 B.R. at 287. These factors, together with the debtor's disappearance from the most recent § 341 meeting, all combine to justify dismissal with prejudice.

> The courts cannot afford to indulge litigants who ... regard their own cases as mere frivolities. Significant failures and refusals to prosecute in accordance with the orders of the court and general rules of procedure can only be answered with dismissals. Otherwise, the delay ... is sanctioned and encouraged by the court ... It is therefore the duty of the court to exact compliance with its own orders and the governing procedural rules and to impose the penalty of dismissal for failure to comply in significant respects. *Matter of Kleeman,* 54 B.R. 62, 65 (Bankr.W.D.Mo.1985).

In this instance it is appropriate to impose not only the penalty of dismissal but also dismissal with prejudice. Additionally, since the debtor was automatically granted his discharge on August 3, 1987, that order must be rescinded. To do otherwise would make dismissal with prejudice a meaningless act.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that this case be and hereby is dismissed, with prejudice.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the order discharging the debtor dated August 3, 1987 be and is hereby rescinded.