**In re Rodney K. & Ruma G. ADAMS, Debtors.**

**Bankruptcy No. 95–34235–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 19, 1996.

Keith L. Phillips, Phillips, Webb & Wallerstin, P.C., Richmond, VA, for debtors.

C. Thomas Ebel, Sands, Anderson, Marks & Miller, Richmond, VA, for Bank of Essex.

### MEMORANDUM OPINION

DOUGLAS O. TICE Jr., Bankruptcy Judge.

Hearing was held on March 21, 1996, on Bank of Essex's motion to dismiss this chapter 7 case pursuant to 11 U.S.C. § 707(a). The issue to be resolved under the motion concerns the effect of a dismissal of the case when the debtors have already received their discharge in bankruptcy. Bank of Essex's position is that if debtors' case is dismissed, debtors' discharge should be revoked based on the fact that the bank had filed its motion to dismiss prior to debtors receiving their discharge on February 1, 1996. Debtors' counsel argues that the mere filing by the bank of a § 707(a) motion to dismiss did not prevent debtors from receiving their discharge; debtors thus assert that the motion to dismiss is moot. The hearing was continued until June 11, 1996, to allow the parties to submit briefs.

For reasons stated in this opinion, the Bank of Essex's motion to dismiss this case is denied as moot.

### Facts

Debtors, Rodney K. and Ruma G. Adams, filed a chapter 7 petition on October 6, 1995. The meeting of creditors was scheduled for November 1, 1995, and the deadline for filing dischargeability complaints or objections to

discharge was set for January 2, 1996. Bank of Essex, one of debtors' largest creditors, filed a motion to extend time to file a complaint to except a debt from debtors' discharge on January 2, 1996. Debtors agreed to this motion, and a consent order was entered on January 10, 1996, extending the time for the bank to file its dischargeability complaint to January 16, 1996. The bank did not file a complaint to except a debt from discharge prior to January 16, 1996.

On January 5, 1996, the bank filed a motion to dismiss debtors' case pursuant to 11 U.S.C. § 707(a) for cause, claiming that debtors had filed their petition in bad faith.

On February 1, 1996, the clerk entered an order granting debtors' discharge in bankruptcy.

Debtors filed an objection to the bank's motion to dismiss on February 22, 1996. Besides responding to the arguments raised in the motion to dismiss, debtors also requested that the bank's motion to dismiss be dismissed on the ground of mootness because debtors had already received their discharge and that any future order dismissing debtors' case would not act to revoke the discharge.

### Discussion and Conclusions of Law

Bank of Essex filed a motion to dismiss debtors' chapter 7 case for cause on January 5, 1996. On February 1, 1996, before the court ruled on the bank's motion, the clerk of court entered a routine order granting debtors' discharge in bankruptcy. The court must now decide whether debtors' discharge can be revoked if, after a hearing on the motion, the case is dismissed under § 707(a). If the discharge cannot be revoked, the bank's dismissal motion must be considered moot.

The bank argues first that if the motion to dismiss debtors' case is granted, the court should revoke debtors' discharge pursuant to the equitable powers granted by 11 U.S.C. § 105(a).[1] Underlying this argument is the bank's claim that, because its motion to dismiss was pending, the clerk's office should not have granted debtors a discharge until the motion to dismiss was heard.

 Contrary to the bank's argument, the court finds that debtors' discharge was granted by the clerk in full compliance with the Bankruptcy Code and Rules. Federal Rule of Bankruptcy Procedure 4004(c) governs the granting of a discharge in a chapter 7 case, providing that a chapter 7 discharge "shall forthwith" be granted "on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e)." Fed.R.Bankr.P. 4004(c). Rule 1017(e) extends the time for granting discharge only for motions to dismiss a case for substantial abuse pursuant to 11 U.S.C. § 707(b), a ground which may be asserted only by the court or the U.S. Trustee. Thus, in this case the time fixed for filing a complaint to object to debtors' discharge and a motion to dismiss for substantial abuse expired on January 2, 1996.[2] Debtors' discharge was granted a month later on February 1, 1996.

Because nothing in the code or the rules prevents a debtor from receiving a discharge when there is a pending motion to dismiss under § 707(a), the mere fact that the bank filed a motion to dismiss prior to debtors' discharge is not a basis to revoke the discharge if the court were later to dismiss the case.[3] Although the bank's argument has a

---

1. Section 105(a) states in pertinent part, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

2. Bank of Essex's January 2, 1996, motion requesting an extension addressed only extending the time to file a complaint to except a debt from debtors' discharge. The motion did not request an extension of time to file a complaint objecting to debtors' discharge. As a result, the order entered on January 10, 1996, extended only the time for Bank of Essex to file a complaint to

except a debt from discharge. Extending the time to file a complaint *to except a debt from discharge* does not delay the granting of debtor's discharge under Rule 4004(c).

3. If Bank of Essex required more time to investigate whether debtor was entitled to a discharge, Bank of Essex could have filed a motion to extend the time to file a complaint objecting to debtors' discharge pursuant to Rule 4004(b). If granted, debtors would not have been *eligible to* receive a discharge until the new period expired pursuant to Rule 4004(c).

certain equitable appeal, the court will not invoke the equitable powers of § 105(a) to circumvent the rather clear provisions for entry of chapter 7 discharges by Bankruptcy Rule 4004(c). The equitable powers of § 105(a) "must be exercised in a manner that is consistent with the Bankruptcy Code" and the Rules of Bankruptcy Procedure. *See Chiasson v. J. Louis Matherne & Associates (In re Oxford Management, Inc.),* 4 F.3d 1329, 1333–34 (5th Cir.1993); *In re Ambassador Park Hotel, Ltd.,* 61 B.R. 792, 801 (N.D.Tex.1986).

■ The bank poses a second ground under which the court is authorized to revoke debtors' discharge in the event its motion to dismiss is granted. It is argued that pursuant to Code § 349(b), the court can modify the effect of the dismissal in order to protect the rights of the parties. Section 349(b) states:

> Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
>
> (1) reinstates-
>
> (A) any proceeding or custodianship superseded under section 543 of this title;
>
> (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(I)(2), or 551 of this title; and
>
> (C) any lien voided under section 506(d) of this title;
>
> (2) vacates any order, judgment, or transfer ordered, under section 522(I)(1), 542, 550, or 553 of this title; and
>
> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b). Bank of Essex construes the "for cause" language in § 349(b) as authority for the court to revoke or alter debtors' discharge if debtors' case is dismissed.

However, § 349(b) is inapplicable here since its purpose is to restore property rights, wherever practical, to their status prior to the bankruptcy, if a case is dismissed. *See In re Safren,* 65 B.R. 566, 570 (Bankr.C.D.Cal.1986). I find no language in § 349 which would warrant the court's revoking the debtors' discharge under the circumstances of this case.

Finally, as further authority for its revocation argument, the bank cites *In re Ladd,* 82 B.R. 476 (Bankr.N.D.Ind.1988). In *Ladd,* the bankruptcy court revoked a debtor's discharge when it granted the chapter 7 trustee's motion to dismiss pursuant to § 707(a). This opinion, however, was overwhelmingly concerned with whether the debtor's case should be dismissed with prejudice. The court's ruling to revoke the debtor's chapter 7 discharge appeared in the last sentence of the opinion. *In re Ladd,* 82 B.R. at 478. No authority or explanation for the ruling was provided. Because the *Ladd* opinion did not directly address our issue, I do not find it persuasive.

In conclusion, since debtors' discharge was properly granted, there is nothing for the bank to gain by pursuing its motion to dismiss debtors' case, and the motion is moot.

A separate order will be entered denying the bank's motion.