**In re Edward POWERS and Lila Powers, d/b/a Midway Co., Debtors.**

**Bankruptcy No. 83–01301–S.**

United States Bankruptcy Court, W.D. Missouri, S.D.

Jan. 4, 1984.

James L. Bowles, Springfield, Mo., for petitioning creditors.

Theodore Salveter, Springfield, Mo., for alleged debtors.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

A single petitioning creditor initiated this involuntary case. Alleged debtors responded by Motions to Dismiss and the posting of an indemnity bond. They also answered by general denial and stated also that the petition was filed in bad faith and that they had more than twelve creditors. They did not, however, file a list of creditors as required by Rule 1007(a)(2), Rules of Bankruptcy Procedure. Alleged debtors also filed a Motion asking the Court to abstain.

Thereafter debtors filed an amended answer listing more than twelve creditors. An amended petition was then filed with three petitioning creditors. Alleged debtors then filed an amended answer and counterclaim contending that two creditors, Mountain Home and Ark-Mo, were acting in bad faith and with malice, damaging alleged debtors.

The matter was tried. Alleged debtors appeared in person and by counsel. Petitioning creditors appeared by representatives and counsel. Evidence was heard and the matter taken under advisement. The parties have filed briefs.

The evidence shows that alleged debtors operated service stations and convenience stores at and prior to the time this petition was filed.

The evidence shows that alleged debtors have an open account with Pepsi. The amount due is substantial. The account is past due and there have been no recent payments. Alleged debtors admit they owe the debt.

At least part of the claim made by Ark-Mo arises out of a check issued by alleged debtors to Ark-Mo on January 29, 1982 in the amount of $38,316.61. Payment was stopped. Alleged debtors dispute the claim of Ark-Mo and contend they owe Ark-Mo nothing.

The claim held by Mountain Home arises out of the sale of equipment to alleged debtors. The total purchase price was about $105,000. Most, if not all of the amount, has not been paid. The claim is the subject of litigation now pending in the United States District Court for this judicial district. Alleged debtors contend that they owe nothing on this claim.

The evidence shows that alleged debtors owe several creditors and that they are not making payments. Alleged debtors explain that some debts, as to Missouri Southern, have been assumed by others and that they have no obligations to make those payments. As to others they say that the creditors have not complained and that they intend to pay. They testified they have closed and sold the service stations, that they are in the process of collecting an insurance claim on a fire loss and that they are in the process of getting back in business in a much smaller way. They also testified they have not been incurring new debt but are keeping current with their household expenses.

Petitioners argue that they have demonstrated that an Order for Relief should be entered. Alleged debtors contend that the disputed debts should be excluded from any determination that generally they are not paying their debts as they come due. If those debts are excluded and if the explanations are credited, alleged debtors submit that no Order for Relief should be entered.

Section 303(b) of the Code, Title 11, U.S.C., provides that:

"An involuntary case is commenced by the filing ... of a petition

(1) by three or more entities, each of which is ... a holder of a claim against such person that is not contingent as to liability ... if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holder of such claims".

Section 101(4) of the Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured ..." Thus, the holder of a disputed claim may be a petitioner in an involuntary case unless (1) the claim is contingent or (2) the claim is secured so that the aggregate debt is less than $5,000. The evidence shows that none of the petitioning creditors holds a contingent claim. The evidence also shows that the value of the collateral in which Mountain Home has an interest is less than the amount of the debt.

Alleged debtors urge the Court to exclude the disputed debts consistent with the teachings of *In re R.N. Salem Corp.,* 23 B.R. 452 (Bkrtcy.S.D.Ohio 1982), affirmed on appeal *In re R.N. Salem Corp.,* 29 B.R. 424 (Bkrtcy.S.D.Ohio 1983). The Bankruptcy Court held that the petitioning creditors had not proven that alleged debtor was not generally paying his debts as they came due. In fact the evidence showed that alleged debtor was current on its on-going purchases. The opinion on appeal rests on a test for exclusion of a disputed debt, 29 B.R. at 429, see *Matter of Covey,* 650 F.2d

877 (7th Cir.1981), a ground not relied upon by the trial court and which this Court rejects. Such an analysis is not supported by the language of the statute. In addition, such thinking throws a subjective, result oriented test over a rather simple statutory standard.

The *Covey* test, 650 F.2d at 883–84, can be restated as first requiring a determination as to whether there is a claim, see *In re All Media Properties, Inc.,* 5 B.R. 126, 135 (Bkrtcy.S.D.Tex.1980); *In re Kreidler Import Corp.,* 4 B.R. 256 (Bkrtcy.Md.1980); and second whether the Court should abstain. Section 305 of the Code. The process expressed in the Code for determining whether relief should be afforded is simplified from the requirements set out in the Bankruptcy Act and should not be complicated where the statute clearly sets out the standards to be met by petitioning creditors.

The Court finds that alleged debtors generally are not paying their debts as they come due. Pepsi is due and not disputed. The Ark-Mo account was due and paid by check on which payment was stopped. Although alleged debtors say the debt to Ark-Mo is disputed it is only disputed in the context of the litigation and not as to Ark-Mo account itself. The litigation involves the whole relationship between the corporations (Ark-Mo and Mountain Home) and the Powers. The same conclusion must be drawn as to the Mountain Home claim. The litigation urged as an offset is complex and should not be, indeed cannot be, resolved in the context of this case. Although some parts of the Southern Missouri Bank debt are contingent as third parties have purchased some properties subject to debt, there are other parts due and owing. There is evidence of foreclosures. Other debts listed by alleged debtors are due and unpaid. An Order for Relief could be entered in this case. *In re North County Chrysler-Plymouth, Inc.,* 13 B.R. 393 (Bkrtcy.W.D.Mo.1981).

Alleged debtors suggest that the Court abstain because all of the issues which could be resolved in a bankruptcy case are the

subject of litigation in other courts. The fire insurance claim is in litigation as is the dispute between two of the petitioning creditors and debtors. But the primary consideration is not the litigation but what is in the best interests of creditors and the debtor. Section 305(a)(1) of the Code.

Here if the alleged debtors win the Ark-Mo and Mountain Home litigation, there will be no benefit to an estate as both are in bankruptcy. Prevailing on the insurance claim will produce an estate but the issues have just been joined in the litigation and resolution is not likely in the near future. While debtors are getting back in business, the effort is modest and it is unlikely that the business will produce sufficient assets to pay creditors. Most of debtors old business assets have been sold so reorganization in the prior form is unlikely. If this Court were to take jurisdiction of this case, there would be little to administer until the litigation was ended.

"The goal of liquidation . . . was to provide for the equitable distribution of the insolvent's assets . . . In evaluating the best interests of the creditors and the debtor, efficiency and economy of administration are primary considerations" in deciding whether abstention is appropriate. *In re Michael S. Starbuck, Inc.,* 14 B.R. 134 (Bkrtcy.S.D.N.Y.1981). In *Starbuck* the court abstained because an SEC proceeding was producing the same result as a bankruptcy administration. In both *Matter of Property Management and Investment, Inc.,* 19 B.R. 202 (Bkrtcy.M.D.Fla.1982) and *In re Donaldson Ford, Inc.,* 19 B.R. 425 (Bkrtcy.N.D.Ohio 1982), the bankruptcy courts declined to abstain even though state court proceedings were pending. The courts concluded that the relief available in the bankruptcy case was more pervasive and appropriate under the circumstances than that to be afforded by state court proceedings.

Here the Court abstains not only because state court proceedings are pending but also because there is nothing to administer here for the benefit of creditors. Until a recovery is made in litigation there is no estate of significance. And if debtors prevail in the litigation with Ark-Mo and Mountain Home, the interests of those creditors in any estate may be resolved. The evidence shows that most of the other creditors are not interested in pursuing collection efforts. Abstention, therefore, is appropriate.

The Court finds that debtors are generally not paying their debts as they come due. The Court also finds that the petition was not brought in bad faith. Petitioning creditors were attempting to place a trustee in control of assets, including the fire insurance claim, to preserve the estate for creditors. The demands for indemnity bond, for damages and other relief is DENIED. The request that the Court abstain is GRANTED.

The petition is DISMISSED WITHOUT PREJUDICE.