### In re G–N PARTNERS, aka G–N Roberts Properties, a Minnesota general partnership, Debtor.

#### Bankruptcy No. 4–85–342.

United States Bankruptcy Court, D. Minnesota.

March 28, 1985.

**460**

John C. Thomas, Oppenheimer, Foster, Wolff, Shepard & Donnelly, Minneapolis, Minn., for movant.

William I. Kampf, Kampf, Lorey, Landsman & Zerby, St. Paul, Minn., for debtor.

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the motion of Roberts Construction, Inc. (Roberts) to abstain. John C. Thomas appeared for Roberts and William I. Kampf appeared for the debtor.

Roberts' motion is made pursuant to 11 U.S.C. § 305(a)(1) which provides that

The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension.

Interestingly, although the section is titled "Abstention", that word is never used in the body of § 305 itself. Section 305 by its terms talks only of dismissal or suspension of all proceedings [1]. It is clear that what Roberts seeks is dismissal of the case. Its motion alleges the following grounds:

1. The jurisdiction of this court has been improperly invoked.

2. The interest of creditors would be better served by abstention of the court in this case.

3. Abstention is appropriate on the basis of judicial economy and administration of this case.

4. The interests of unsecured creditors will not be impaired by such abstention.

5. Debtor does not have a business entity that can be reorganized within the meaning of the provisions applicable to cases under Chapter 11 of the United States Code.

One thing is immediately evident from comparing § 305 to Roberts' motion. Section 305(a) states a single ground for dismissal; i.e., that the interests of creditors and the debtor would be better served. The motion lists five grounds, none of which is the statutory ground. The one that comes the closest is the second ground alleged in the motion. Unfortunately the statute provides for dismissal only if the interests of creditors *and the debtor* would be better served by dismissal, and the motion itself alleges only that the interest of creditors would be better served. Thus in some real sense Roberts' motion should be denied for failure to even allege grounds for dismissal under § 305(a)(1).

Section 305, unlike other dismissal sections, is applicable to all chapters of the Bankruptcy Code. 11 U.S.C. § 103(a). The usual dismissal sections for the respective chapter cases are found in §§ 707(a), 927, 1112(b) and 1307(c) and all provide for dis-

---

1. I am not sure what it would mean to suspend all proceedings.

missal "for cause". It is clear that Congress intended these latter sections to be the typical vehicle for creditors to seek dismissal of a bankruptcy case. Section 305 was designed for very limited circumstances. That is especially clear if § 305(a)(1) is read in conjunction with § 305(a)(2) which is an alternative ground for dismissal when there is a foreign proceeding pending which will provide essentially the same sort of relief to the parties as a Title 11 case.

■ Congress has therefore given the Court the power to actually decline the jurisdiction that Congress has given it, but only in two limited circumstances. Congress has even made the decision to dismiss under § 305 non-reviewable by appeal or otherwise. 11 U.S.C. § 305(c). This power to decline jurisdiction over a bankruptcy case without being subject to any review is an extraordinary power which must therefore be exercised with extraordinary care. I think it therefore most inappropriate to expand the grounds for dismissal under § 305 beyond those clearly stated by Congress.[2]

■ While there may be other situations in which dismissal under § 305(a) is appropriate, the one most clearly applicable is that in which an out of court "work-out" has been accomplished or is soon to be accomplished and a few recalcitrant creditors have filed an involuntary bankruptcy petition. In fact, that example is precisely the one used by Congress. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 325 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

**2.** Others are obviously bolder than I. *See, e.g., In re Missouri,* 22 B.R. 600 (Bktcy.E.D. Ark., 1982); *In re Fast Food Properties, LTD.#1,* 5 B.R. 539 (Bktcy.C.D.Cal., 1980).

**3.** Roberts is or was the seller of certain real property to the debtor for approximately $55,-000,000.00. The option has expired by its terms and the debtor is arguing in separate proceedings that the filing of the case somehow extends its opportunity to exercise that option. If the debtor is incorrect in that proposition, then ob-

■ That is certainly not this case and Roberts has made no showing that either the interests of the debtor or the creditors would be better served by dismissal. In fact the fundamental basis of its motion is that the debtor has obtained benefits from Title 11 for itself and its creditors that were not intended, which is exactly the opposite of saying that dismissal would better serve the interests of creditors and the debtor. In the alternative, Roberts seems to be arguing that the filing of the bankruptcy case garnered no benefit for the debtor or the creditors at all which, of course, begs the question.[3] While § 305 is not limited to involuntary cases, it certainly will have limited applicability or at least § 305(a)(1) will have limited applicability to voluntary cases. Obviously by the voluntary act of filing the bankruptcy case, the debtor had indicated that it thought it was in its best interest to be in a bankruptcy case and it would be an unusual case to dismiss a bankruptcy case under § 305 over the objection of the debtor.[4]

Dismissal of this case is clearly not in the best interest of the debtor and Roberts has really made no showing that it is in the best interest of creditors to have the case dismissed either. The creditors are few in number and while they may have remedies under state law for the collection of their debts against the debtor and its general partners, no showing was made that those debts would be any easier to collect outside of bankruptcy. Obviously this Chapter 11 case hinges in its entirety on the debtor's success in its arguments that various provisions of Title 11 will allow it to exercise the option, thus generating a profit from which it can pay its creditors and of course have money left over for its partners. Thus it is

viously it has garnered no benefit from the filing but at that point, of course, Roberts won't care.

**4.** *See,* however, *In re Colonial Ford, Inc.,* 24 B.R. 1014 (Bktcy.Utah 1982). In that case the court concluded that at least in a Chapter 11 case "the interests of the debtor ... are coincidental with the interests of creditors." 24 B.R. at 1021. Most people would find this to be an astounding proposition. I certainly do.

clear that although creditors may have other remedies, their quickest and most expedient remedy will be in a bankruptcy case. Thus Roberts has totally failed to allege or show any grounds for dismissal under § 305(a)(1).

I note that Roberts has made another motion for dismissal of this case under § 1112(b) and a hearing on notice to all creditors has been scheduled. Whether Roberts has grounds for dismissal under that section remains to be seen.

THEREFORE, IT IS ORDERED: the motion of Roberts Construction Company, Inc. to abstain is denied.