### In re MANCHESTER HEIGHTS ASSOCIATES, Debtor.

**Bankruptcy No. 91–44090–2.**

United States Bankruptcy Court, W.D. Missouri.

April 27, 1992.

**522**

Peter D. Kerth, St. Louis, Mo., for alleged debtor.

Charles A. Erickson, Marc R.H. Joseph, Kansas City, Mo., for petitioning creditors.

## MEMORANDUM OPINION AND ORDER FOR RELIEF UNDER CHAPTER 7

FRANK W. KOGER, Chief Judge.

This matter comes before the Court on the involuntary bankruptcy petition filed by Hutchinson–Massood Development, Inc. against Manchester Heights Associates, L.P. A hearing was held on March 4, 1992. At trial, Petitioner demonstrated that the elements of § 303 were met in that Petitioner was entitled to an order for relief against Debtor. However, the Court reserved judgment on the issue of whether or not this is a proper case for the Court to abstain from taking jurisdiction pursuant to § 305 as requested by debtor. The Court finds that abstention is not warranted and will enter an order for relief.

### FACTS

This case revolves around an apartment complex located in Kansas City, Missouri named Manchester Heights Apartments. The complex was developed through the efforts of various partnerships and limited partnerships. Debtor, Manchester Heights Associates, L.P., is one of the limited partnerships involved in the venture and describes itself as the investment partner in a two-tier partnership structure. A different limited partnership, Manchester Heights, L.P., was the project partnership. The project partnership was to attend to the business of developing and operating the complex and Debtor was to finance the project by means of syndicating limited partnerships in the project. Petitioner, Hutchinson–Massood Development, Inc., was commissioned by the project partnership to construct the complex and later to manage it.

In 1985, Debtor executed a note payable to Petitioner representing advances made to the project partnership. The note was in the principal amount of $243,126.36 and carried an interest rate of 10% per annum. At the time of the petition the note was in default and the debt on the note totalled $456,859.10. Debtor claims that the note was executed by mistake and that the intent of the principals was that the note was to be made by the project partnership instead of Debtor. At trial and in their brief, Debtor expressed various dissatisfactions with the performance of Petitioner on their management contract and claimed that the note which Petitioner holds is subject to dispute.

No state court proceedings are pending in this case nor has Petitioner attempted to use state collection proceedings to collect the debt which it is owed.

### DISCUSSION

■ After full consideration of the briefs of counsel and the evidence presented at trial, the Court finds that there are fewer than 12 creditors, the petitioning creditor is the holder of a debt in excess of $5,000.00 which is not subject to a bona fide dispute, and Debtor is not paying its debts as they become due. Unless, as Debtor argues, abstention under § 305 is proper, Petitioner is entitled to an order for relief against Debtor.

■ Section 305 of the Bankruptcy Code gives discretion to a bankruptcy court to abstain from hearing a case where the interests of the parties are best served by such abstention.[1] This power of abstention

---

**1.** (a) The court, after notice and a hearing, may     dismiss a case under this title, or may suspend

is not reviewable by the courts of appeal. 11 U.S.C. § 305(c) (Supp. II 1990). The power of abstention is, therefore, an extraordinary power which is to be used only in extraordinary circumstances. *In re G–N Partners,* 48 B.R. 459, 461 (Bankr.D.Minn. 1985); *In re Martin–Trigona,* 35 B.R. 596, 600 (Bankr.S.D.N.Y.1984); *In re New Mexico Properties, Inc.,* 18 B.R. 936, 945 (Bankr.D.N.M.1982). Nonetheless, statutory abstentions are more favored than commonlaw abstentions, *In re Bellucci,* 119 B.R. 763, 771 (Bankr.E.D.Cal.1990), and this Court will not hesitate to abstain where such action is called for.

Some courts have taken multiple factors into account when asked to make an abstention decision. *See In re Trina Associates,* 128 B.R. 858, 867 (Bankr.E.D.N.Y. 1991). Other courts have boiled the decision down to a three-part test. *See, e.g., In re RAI Marketing Service, Inc.,* 20 B.R. 943 (Bankr.D.Kansas 1982). But the only test that is compelled by the statute in a purely domestic proceeding is that an abstention under § 305 must be in the best interests of both the debtor and the creditors. 11 U.S.C. § 305(a)(1) (1988). The decisions coming out of this district uniformly recognize the interests of Debtor and the creditors as being the most important factors to be considered. *In re Goulding,* 79 B.R. 874, 875 (Bankr.W.D.Mo.1987); *In re Powers,* 35 B.R. 700, 703 (Bankr. W.D.Mo.1984); *In re Rimpull Corp.,* 26 B.R. 267, 272 (Bankr.W.D.Mo.1982).

Because Debtor requests abstention under § 305, the Court assumes that he acts in his own best interest and that abstention is in the best interest of Debtor. However, no evidence was presented to convince this Court that abstention is in the best interest of the creditors. There is no indication of a pending out of court arrangement that will better serve the interests of the creditors. Nor was there any evidence presented that

other creditors generally oppose this involuntary petition. Where the record is devoid of any indication that abstention would benefit the creditors as a whole, the statute does not authorize abstention under § 305.

It is not, as Debtor suggests, necessary for Petitioner to justify his resort to the bankruptcy court or to demonstrate that state remedies are inadequate. The doors of the bankruptcy court are not closed to creditors who have failed to vigorously pursue possible remedies in other fora. Petitioner has met the requirements for obtaining an order of relief on an involuntary petition under § 303 and Debtor has failed to make a case for abstention under § 305.

### CONCLUSION

In accordance with the above discussion and on consideration of the petition filed on December 30, 1991 against the above-named debtor, an order for relief under Chapter 7 of the Bankruptcy Code is GRANTED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.

all proceedings in a case under this title, at any time if—
  (1) the interests of creditors and the debtor would be better served by such dismissal or suspension....
(c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.
11 U.S.C. § 305 (1988 & Supp. II 1990).