**In re WINE AND SPIRITS SPECIALTIES OF KANSAS CITY, INC., Debtor.**

**Bankruptcy No. 92–40793–2.**

United States Bankruptcy Court,
W.D. Missouri.

June 15, 1992.

Bruce E. Strauss, Kansas City, Mo., for debtor.

Rose, Brouillette & Shapiro, Kansas City, Mo., for petitioning creditors.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This matter comes before the Court on the motion of the alleged debtor for the Court to abstain from taking jurisdiction in this involuntary bankruptcy pursuant to § 305 of the Bankruptcy Code. Because the Court finds that abstention is in the best interests of both the alleged debtor and the creditors, it will abstain from jurisdiction and dismiss the case.

### FACTS

Wine and Spirits Specialties of Kansas City, Inc., the alleged debtor in these proceedings, is a wholesale distributor of wines which was formed in 1976. It is a closely held corporation operated by the Schudy family. The business fell on hard times following the death of Mr. Schudy and consequently, in December, 1991, after they defaulted on a note to their sole secured creditor, Boatmen's Bank, Wine and Spirits decided to liquidate the assets of the business. This involuntary bankruptcy was filed by the sole secured creditor, Boatmen's Bank, and two unsecured creditors on March 10, 1992.

Since December of 1991, Wine and Spirits has been engaged in a self liquidation of assets and all proceeds of that liquidation,

except for funds used to pay necessary operating expenses, have been applied to pay off their secured debt to Boatmen's Bank. When liquidation began, Wine and Spirits owed Boatmen's approximately $737,407.51. As of March 10, 1992, when the involuntary petition was filed, the debt had been reduced to $479,407.51. On April 21, 1992, the balance had been reduced to $230,407.51. Two days before this May 1, 1992, hearing, the balance was just over $200,000.00.

The parties have stipulated to the satisfaction of all of the elements of § 303 pertaining to the filing of an involuntary bankruptcy petition. The petition was filed by three creditors holding non-contingent and undisputed claims against Wine and Spirits. Those claims total at least $5,000.00 more than the value of any lien on the debtor's property which secured them. *See* 11 U.S.C. § 303(b)(1) (1988).

There was some dispute at the hearing as to the adequacy of Wine and Spirits' inventory and accounts receivable to cover the value of Boatmen's security interest. Wine and Spirits contends that Boatmen's is oversecured and Boatmen's contends that it lacks information sufficient to determine whether it is over-secured or under-secured. From the evidence presented, it appears to the Court that Boatmen's is at least fully secured with respect to its security interest in Wine and Spirits' inventory and accounts receivable.

## DISCUSSION

Because all of the elements of an involuntary petition have been met under § 303, the sole issue for decision by this Court is whether or not to abstain from taking jurisdiction under § 305. That section reads in pertinent part:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension....

11 U.S.C. § 305(a) (1988).

Earlier this year, this Court had occasion to consider another application for absten-

tion under § 305 and rendered an opinion in that case just four days prior to this hearing. *In re Manchester Heights Assoc.*, 140 B.R. 521 (Bankr.W.D.Mo.1992). As the Court observed in that opinion, abstention is an extraordinary power. *Id.* at 522. In addition, the Court is extremely hesitant to decline to hear a case when its jurisdiction has been properly invoked. Nonetheless, in the proper case, this Court stands ready to use its abstention power in compliance with the statute. This is such a case.

The case law in the § 305 abstention cases presents a veritable cornucopia of factors which the various courts have considered when making an abstention decision. *See In re Iowa Trust*, 135 B.R. 615, 621–22 (Bankr.N.D.Iowa 1992); *In re Trina Associates*, 128 B.R. 858, 867 (Bankr. E.D.N.Y.1991). Courts have largely derived these factors from the legislative history to § 305 which gives an example of a case which would be appropriate for abstention:

The court may dismiss or suspend under the first paragraph, for example, if an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement, and an involuntary case has been commence by a few recalcitrant creditors to provide a basis for future threats to extract full payment.

H.Rep. No. 595, 95th Cong., 1st Sess. 325 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6281. Some courts have even crafted a three part test based on the above language. *See, e.g., In re RAI Marketing Service*, 20 B.R. 943, 946 (Bankr. D.Kan.1982). But while the above quoted legislative history provides useful guidance, this Court does not view it as setting a standard so much as simply setting forth an example of a case where abstention would be suitable. It is the statutory language which sets the standard and that language requires that the Court must find it would best serve the interests of both the alleged debtor and the creditors as a whole

before it dismisses a case under § 305. 11 U.S.C. § 305(a) (1988). Such a determination must necessarily be made on an individual case by case basis. *In re Iowa Trust*, 135 B.R. 615, 622 (Bankr.N.D.Iowa 1992); *In re Trina Associates*, 128 B.R. 858, 867 (Bankr.E.D.N.Y.1991).

While this is not the "paradigm" abstention case, *see, e.g., In re Rimpull Corp.*, 26 B.R. 267, 272 (Bankr.W.D.Mo.1982), abstention of this Court will best serve the interests of both the creditors and the alleged debtor. The paradigm case as described in the legislative history is a case where an out-of-court arrangement is being worked out which is satisfactory to most of the creditors and a small group of recalcitrant creditors files an involuntary case to put leverage on the debtor. H.Rep. No. 595, 95th Cong., 1st Sess. 325 (1977).

There is no out-of-court arrangement in this case, but there is a largely accomplished liquidation. Wine and Spirits has shown its good faith by conducting a liquidation of its assets and applying very substantial amounts of the proceeds therefrom to their secured debt. Additionally, by the time of the hearing, approximately two-thirds of Wine and Spirits' inventory had been liquidated.

No direct evidence was presented at the hearing with regard to how Wine and Spirits' creditors feel about its liquidation plan. However, the Court notes that four days after the hearing, Jordan Vineyard & Winery, a trade creditor which is owed $24,-383.73 felt moved to write to the Court expressing its disapproval of the involuntary bankruptcy petition and declaring its preference that Wine and Spirits be allowed to liquidate itself as opposed to forcing a bankruptcy sale. Boatmen's Bank is the only petitioning creditor who feels strongly enough about the involuntary bankruptcy petition to be willing to bear any of the costs connected with it. Boatmen's is paying all of the filing fees and attorney fees in connection with this involuntary filing. In addition, the Court notes the absence of any indication that nervous creditors are rushing to the courthouse to file state court collection actions against Wine and Spirits. By their actions, the unsecured creditors have expressed confidence in Wine and Spirits' good faith and ability to conduct a self liquidation.

The evidence shows that Wine and Spirits is engaged in an orderly liquidation of its assets and that the proceeds from that liquidation are being used to pay off its creditors. The evidence also shows that between the time the liquidation decision was made and the filing of the involuntary petition, Wine and Spirits was realizing over 20% profit on the systematic liquidation of its stock. Immediately after the filing of the petition, that profit margin dropped to below 1%. It would appear that when potential buyers of Wine and Spirits' inventory learned of the pending bankruptcy proceedings, they decided to wait and try to pick up the same inventory at fire-sale prices.

Wine and Spirits and their creditors will benefit from this abstention because liquidation outside of the bankruptcy court will allow them to receive a greater price for their inventory and pass along a better distribution to their unsecured creditors. *See In re Iowa Trust*, 135 B.R. 615, 623 (Bankr.N.D.Iowa 1992) ("The creditors' interest is getting the greatest amount of recovery in the most economical and efficient manner.") The precipitous drop off in profit margin on the liquidated inventory after the involuntary petition was filed is convincing evidence that liquidation through the Court is likely to generate less cash for the creditors.

Additionally, Wine and Spirits and their creditors will benefit from this abstention because the cost of administering the bankruptcy estate would dramatically reduce any recovery which the unsecured creditors may stand to receive. *See In re Powers*, 35 B.R. 700, 703 (Bankr.W.D.Mo.1984) (" 'In evaluating the best interests of the debtor, efficiency and economy of administration are primary considerations' in deciding whether to abstain is appropriate" (quoting *In re Michael S. Starbuck*, 14 B.R. 134, 135 (Bankr.S.D.N.Y.1981)). Wine and Spirits is already engaged in a liquidation process similar to that which a Chap-

ter 7 trustee would undertake. The major difference is that the costs of estate administration within the bankruptcy court are not eating into the funds being realized by way of that liquidation process. The Court is inclined to leave it that way.

### CONCLUSION

The Court finds that the alleged debtor has carried its heavy burden of showing that abstention will benefit both debtor and its creditors. The Court will, therefore, abstain from jurisdiction of this case pursuant to 11 U.S.C. § 305(a) (1988). Accordingly, the case is hereby DISMISSED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under rule 7052, Rules of Bankruptcy.

SO ORDERED.