# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6013WA

_____

| | | |
|---|---|---|
| In re: Kathleen Elizabeth Pennino, | * | |
| | * | |
| Debtor | * | |
| | * | |
| Kathleen Elizabeth Pennino, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor-Appellant, | * | Western District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Evergreen Presbyterian Ministries, | * | |
| | * | |
| Interested Party-Appellee, | * | |
| | * | |
| and | * | |
| | * | |
| Jo-Ann L. Goldman, | * | |
| | * | |
| Trustee-Appellee, | * | |

_____

Submitted: September 19, 2003
Filed: October 10, 2003

_____


Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

_____

*Pro se* debtor Kathleen Elizabeth Pennino appealed the bankruptcy court's[1] order to abstain and dismiss her Chapter 7 bankruptcy case, as well as two related adversary proceedings. We affirm.

## FACTUAL BACKGROUND

Pennino has filed six Chapter 13 bankruptcy cases since 1996. Each case has been dismissed prior to discharge. The last four are relevant to this appeal. On November 30, 2000, Pennino filed a bankruptcy petition, and on November 13, 2001, the court granted the trustee's motion to dismiss that case. On June 17, 2002, Pennino filed a case, which was dismissed on July 10, 2002, for failure to file schedules. She filed a case on August 20, 2002, which she voluntarily dismissed after she failed to file schedules. On October 11, 2002, she filed this case. A secured creditor in the case, Evergreen Presbyterian Ministries (Evergreen), objected to confirmation of her Chapter 13 plan. On December 11, 2002, the court held a hearing and sustained Evergreen's objection. On December 20, 2002, the Chapter 13 trustee filed a motion to dismiss for abuse of the bankruptcy process. And, on December 31, 2002, before the court entered its written order sustaining Evergreen's objection to confirmation, Pennino filed a motion to alter and amend the judgment denying confirmation.

On January 13, 2003, the court issued its own order, *sua sponte*, for Pennino to appear and show cause why the court should not abstain from this case. On that same date, the court set a hearing date of February 19, 2003, on Pennino's motion to alter or amend judgment. The also court set a hearing date of February 19, 2003, to hear the trustee's motion to dismiss and the court's order to show cause.

---

[1]The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Western District of Arkansas.

Pennino is also pursuing a cause of action filed September 5, 2002, in the United States District Court for the Western District of Arkansas under the Racketeer Influenced and Corrupt Organizations Act of 1970[2] (the RICO Action). In apparent duplication of the RICO Action, on February 10, 2003, Pennino filed an adversary proceeding in the United States Bankruptcy Court for the Western District of Arkansas naming Evergreen, Richard Donovan of the Rose Law Firm, and Judge Smitherman of the Garland County Circuit Court, Arkansas, as defendants. On February 14, 2003, Pennino filed another adversary proceeding in the bankruptcy court naming the three defendants above and approximately 79 others, including the Federal Bureau of Investigation and the City of Hot Springs, Garland County, Arkansas.

On March 7, 2003, the court abstained as to the bankruptcy case and the attendant adversaries, and granted the trustee's motion to dismiss. Pennino appealed that order.

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[3] The decision to abstain is within the discretion of the bankruptcy judge.[4] We review such a decision for abuse of that discretion.[5] A court

---

[2]18 U.S.C. § 1961, *et seq.*

[3]*Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[4]*See* 11 U.S.C. § 305(a); *Heartland Community Church v. Waddle*, 335 F.3d 684, 688 (8th Cir. 2003); *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 701 (5th

abuses its discretion "when its ruling is founded on an error of law or a misapplication of law to the facts."[6]

## DISCUSSION

Section 305(a) of the Bankruptcy Code (the Code) permits a bankruptcy court to either dismiss a case or suspend proceedings under certain circumstances:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if–
>
> > (1) the interests of creditors and the debtor would be better served by such dismissal or suspension.[7]

In determining if both the creditors and Pennino would be better served by abstention, the court considered the following facts: (1) Pennino has filed six cases since 1996; (2) there is another, and more appropriate, forum, the United States District for the Western District of Arkansas, for Pennino to seek relief from alleged corruption; (3) there is no reasonable prospect for reorganization under Chapter 13 unless she prevails in her RICO Action; (4) she has made no payments since 1999 to Evergreen,

Cir. 1999), *cert. denied, 2Webb v. B.C. Rogers Poultry, Inc.*, 528 U.S. 964, 120 S. Ct. 399, 145 L. Ed. 2d 311,(1999); *In re Manchester Heights Assoc.*, 140 B.R. 521, 522 (Bankr. W.D. Mo. 1992).

[5]*Kadjevich v. Kadjevish (In re Kadjevich)*, 220 F.3d 1016, 1019 (9th Cir. 2000); *Varsity Carpet Serv., Inc. v. Richardson (In re Colortex Industries, Inc.)*, 19 F.3d 1371, 1374 (11 Cir. 1994).

[6]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

[7]11 U.S.C. § 305(a)(1).

which holds a Deed of Trust on what she claims is her principal asset, and there is no credible prospect of payments being made; and (5) Pennino admittedly filed the last three bankruptcy cases to delay her creditors while she pursues the RICO Action.

Abstention is an extraordinary power that should be used only in extraordinary circumstances.[8] The Code, therefore, permits a court to abstain and dismiss a case only when the best interests of both the debtor and his or her creditors are better served.[9] The decision on whether to dismiss or suspend should be made on the facts of each particular case.[10] When determining whether abstention is appropriate, courts look at the following factors: (1) whether the case is a two-party dispute, (2) the economy and efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) alternative means of achieving equitable distribution of assets, and (5) the purpose for which bankruptcy jurisdiction has been sought.[11]

The bankruptcy court applied these factors to the facts of this case and found that the best interests of both Pennino and her creditors would be better served by dismissing the case. The court found that the only benefit Pennino derived from the various bankruptcy filings was to delay her creditors, without payment, while she pursued the RICO Action in federal district court. In addition, the court found that Pennino's principal asset was not generating enough income to allow her to reorganize under Chapter 13. The adversary actions filed by Pennino in the bankruptcy court are substantially similar to and arise out of the same facts and circumstances as the RICO Action; therefore, these adversaries are duplicative.

---

[8]*In re Manchester Heights Assoc.*, 140 B.R. 521, 522 (W.D. Mo. Bankr. 1992)

[9]*Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 580 (8th Cir. 2001).

[10]*In re Iowa Trust*, 135 B.R. 615, 621 (Bankr. N.D. Iowa 1992).

[11]*Id.* at 621-22.

Pennino testified that she cannot at this time fund any plan payments, and the attorney for the trustee stated that Pennino was in substantial arrears with respect to her proposed plan payments. Weighing all these factors, the court found that Pennino could seek relief in her RICO Action; therefore, allowing this bankruptcy case, and its attendant adversaries, to proceed would be inefficient and duplicative. The court then found that, based on the above factors, no valid bankruptcy or administrative purpose would be served by allowing this case to proceed. We agree.

The bankruptcy court correctly found that the only purpose served by this case is to delay the making of any payments to legitimate creditors. Pennino has used the bankruptcy process to delay her creditors for approximately seven years and still, as the court found, is not able to propose a feasible Chapter 13 plan, now or in the near future, without a successful conclusion of her RICO Action. The number of failed cases, and the attendant delays, would in and of themselves have justified dismissal of this latest case.[12] Given the pendency of the RICO Action, however, abstention is appropriate. We conclude that the court did not abuse its discretion in finding that no valid purpose is served by this bankruptcy case. We, therefore, affirm.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[12]*See, e.g. Tolbert v. Fink (In re Tolbert)*, 255 B.R. 214, 217 (8th Cir. B.A.P. 2000) (where we affirmed the court's dismissal of debtor's sixth case within three years with prejudice to refiling for 180 days); *In re Belden*, 144 B.R. 1010 (Bankr. D. Minn. 1992) (where the court dismissed debtor's ninth case in 15 years with prejudice to refiling for two years).